**James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,**

v.

**H. MORGAN DANIEL SEAFOODS, INC., Defendant-Appellee.**

**No. 29389.**

United States Court of Appeals, Fifth Circuit.

Nov. 12, 1970.

L. H. Silberman, Solicitor of Labor, Bessie Margolin, U. S. Dept. of Labor, Washington, D. C., M. J. Parmenter, Regional Sol., Betty Jo Christian, Truett E. Bean, Trial Atty., U. S. Dept. of Labor, Dallas, Tex., Carin Ann Clauss, Atty., Dept. of Labor, Washington, D. C., for appellant.

Robert S. Bambace, Kenneth R. Carr, Houston, Tex., of counsel, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., for appellee.

Before COLEMAN, AINSWORTH, and GODBOLD, Circuit Judges.

COLEMAN, Circuit Judge:

The Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201, et seq., amended from time to time during the thirty-two years of its existence, engenders questions in this case which have not previously been answered at the appellate level in any court.

The Secretary of Labor charged that H. Morgan Daniel Seafoods, Inc., at its shrimp packing plant in Port Lavaca, Texas, has compelled, and is compelling, its employees, as an essential condition of their employment, to obtain health certificates and to wear white uniforms. On this account the wages received by the employees are reduced below the statutory minimum. The Secretary's suit against H. Morgan Daniel Seafoods, Inc. further asserted that since the uniforms had to be washed every day and to comply with sanitary requirements of both local and federal law applicable to the employer's business, the employees should be compensated for the time spent in washing these uniforms, although that work takes place away from the place of employment.

Part of the relief sought in the District Court would require the employer to pay the employees some $31,000 in "back wages" because of the items hereinabove mentioned.

Following a trial, the District Court granted the defendant's motion to dismiss. This appeal followed. We remand for necessary factual findings.

Appropriate federal regulations require all employees at shrimp packing plants to "wear clean outer garments, preferably white, that cover the employees' personal clothing. Also, they must wear caps that cover their hair. In hot weather, hair nets may be substituted for the caps, but they must effectively cover and hold the hair in place", Circular 308 of the Bureau of Commercial Fisheries.

Regulations promulgated by the Food and Drug Administration require that food handling employees "must wear clean outer garments, maintain a high degree of personal cleanliness, and conform to hygienic practices while on duty, to the extent necessary to prevent contamination of food products".

An ordinance of the City of Port Lavaca requires "all employees shall wear clean outer garments and shall keep their hands clean at all times while engaged in handling food, drink, utensils, or equipment".

The Federal regulations, Circular 308, supra, require the employees to wear clean outer garments. The regulations express the preference that such garments should be white but do not mandatorily require uniforms or any specified color of clothing. The specific language is that the outer garments, covering employees' personal clothing, *shall be clean.*

The ultimate issue then is whether the employer, H. Morgan Daniel Seafoods, Inc., for the benefit of the company, required the employees to wear white uniforms over their personal clothing.

Several employees of the company testified before the District Judge that they were told by their supervisors that white outer garments, or white uniforms, were required.

Harold V. Seavey, Inspector for the United States Department of the Interior, Bureau of Commercial Fisheries, employed as a full time inspector at the shrimp plant, testified that his agency recommended white uniforms, that he had talked to Mr. Daniel about making the white clothing mandatory, but that Daniel refused. He said that the use of colored outer garments in the plant had been on the increase.

■ The conflict between the testimony of the employees and that of the inspector raised an issue of fact which the District Court did not resolve in findings of fact as required by Rule 52(a) of the Federal Rules of Civil Procedure. The attorney for the Secretary of Labor [Appendix, 189] expressly requested "specific findings of fact". There were no findings, however, and the complaint was dismissed.

■ The threshold issue is whether the company, for its benefit, required the employees to wear white uniforms or merely required them to wear clean clothing of their own choice and selection. If some of the employees are to be believed the company required white uniforms, laundered daily. If the inspector told the truth, the company instead of making such a requirement flatly declined to do so, even when so requested by an agent of the United States. Credibility choices and the resolution of conflicting testimony are for the District Court, subject only to the clearly erroneous rule, Rule 52(a), supra.

■ We cannot render an advisory opinion on hypothetical or abstract facts, Bell v. State of Maryland, 1964, 378 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822; United States v. Fruehauf, 1961, 365 U.S. 146, 81 S.Ct. 547, 5 L.Ed.2d 476, reh. den. 365 U.S. 875, 81 S.Ct. 899, 6 L.Ed.2d 864; Maner v. Maner, 5 Cir., 1968, 401 F.2d 616.

As to the health certificates, it is contended that these are the property of the employees and may be used by them to work in any place of their choice. They are admittedly good for six months. There is no finding as to what the certificates cost, or whether they may be obtained free at a public health center.

There are subsidiary factual issues which will neatly fall into place once those above mentioned are settled.

We vacate the judgment of the District Court and remand the case for appropriate findings of fact under Rule 52(a), supra, and then for decision of the legal issues stemming from such findings, after which the case will be appropriate for disposition here if any of the parties should be inclined to renew the appeal.

Vacated and remanded.