**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James F. REDDOCH and Thomas M. Taylor, et al., etc., Defendants-Appellants.**

**No. 72-1326**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Oct. 4, 1972.

Rehearing Denied Oct. 27, 1972.

James J. Duffy, Jr., John N. Leach, Jr., Mobile, Ala., for defendants-appellants.

---

\* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Frank E. Schwelb, Henry C. Hagen, Dept. of Justice, Washington, D. C., Charles S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Defendants-appellants, Reddoch and others, are partners owning the Spanish Villa Apartments, a ninety-six rental unit apartment complex located in a suburb of Mobile, Alabama. By complaint filed in the lower court in March 1971, the United States alleged the apartments were operated in a racially discriminatory manner in violation of the Fair Housing Act of 1968, Title 42, U.S.C., Section 3601 et seq.,[1] and prayed for appropriate injunctive and affirmative relief.

After a non-jury trial the district judge found that defendants-appellants, themselves and through their agents, have followed a policy of racial discrimination in the rental of apartments which was successfully carried out to perpetuate the all-white character of the Spanish Villa Apartments. Accordingly, appellants were permanently enjoined from discriminating against any person in the rental of an apartment, or the negotiations pertaining thereto, because of race, color, religion or national origin, and were ordered to adopt objective, nonracial standards and criteria for the processing and approval of applications for apartments. Other affirmative relief was granted, including a requirement for the filing of periodic reports with the court in order to effectuate the decree.

Appellants contend here that the district judge's findings of fact and conclusions of law were clearly erroneous and should be set aside, that their conduct did not constitute a pattern or practice of resistance to the rights secured by the Fair Housing Act, supra, and that they were wrongfully denied a jury trial. We affirm the district judge.

■ Credibility choices and the resolution of conflicting testimony are for the district court, subject only to the clearly erroneous rule. Rule 52(a), F.R.Civ.P.; McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20; Hodgson v. H. Morgan Daniel Seafoods, Inc., 5 Cir. 1970, 433 F.2d 918, 920. Here, two former assistant resident managers of the apartments testified to having received racially discriminatory instructions from the resident manager and one of the defendant-appellants. Also, the resident manager her-

---

1. Title 42, U.S.C. § 3601 et seq. provides in pertinent part:

"§ 3601. Declaration of policy

It is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States.

§ 3604. Discrimination in the sale or rental of housing

As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful—

(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, or national origin.

(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, or national origin.

(c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, or national origin, or an intention to make any such preference, limitation, or discrimination.

(d) To represent to any person because of race, color, religion, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.

(e) For profit, to induce or attempt to induce any person to sell or rent any dwelling by representations regarding the entry or prospective entry into the neighborhood of a person or persons of a particular race, color, religion, or national origin."

self testified as to her anticipatory concern over white backlash if blacks become tenants in the complex. Moreover, testimony was provided by present or former white tenants and black prospective tenants indicating the employment of a "credit check" ruse for the purpose of denying apartments to individuals solely because of race. The findings of the district court are not demonstrated to be clearly erroneous. Rule 52(a), F. R.Civ.P., supra.

■ These findings, coupled with the conceded fact that there had never been any black tenants in the complex during the three years of its operation despite a 100% change in tenants during the three years, were sufficient to conclude that a pattern or practice of racial discrimination not only existed, but was successful as well. United States v. West Peachtree Tenth Corporation, 5 Cir. 1971, 437 F.2d 221.

■ Appellants' final contentions are wholly without merit: This being a suit for injunctive relief, not one at common law, there was no right to a jury trial. United States v. Louisiana, 1950, 339 U. S. 699, 701, 70 S.Ct. 914, 917, 94 L.Ed. 1216, 1220. Without exception the same holding has been reached by district courts of this Circuit in suits by the Attorney General under the Fair Housing Act. United States v. Northside Realty Associates, Inc., N.D.Ga.1971, 324 F. Supp. 287; United States v. Bob Lawrence Realty, Inc., N.D.Ga.1970, 313 F. Supp. 870. See also Rogers v. Loether, E.D.Wis.1970, 312 F.Supp. 1008, a suit by a private plaintiff. We have not had occasion to pass on the question of jury trials in cases brought under the Fair Housing Act, but we have heretofore affirmed the holding that a jury trial is not available in a similar situation, an action brought under Title II of the Civil Rights Act of 1964, Adams v. Fazzio Real Estate Co., (E.D.La.1967) 268 F. Supp. 630, 640, affirmed 5 Cir. 1968, 396 F.2d 146.

Finally, the district court's order was modelled upon and closely parallels the order we drafted for use by the lower court in the comparable case of United States v. West Peachtree Tenth Corp., op. cit., 437 F.2d at 229.

Affirmed.