**UNITED STATES of America**

v.

**HENSHAW BROTHERS, INC., et al.**

**Civ. A. No. 73–356–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

June 13, 1974.

David G. Lowe, Asst. U. S. Atty., Richmond, Va., Frank Schwelb, Harvey Handley, III, Judith Wolf, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Barry A. Hackney, Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

This matter comes before the Court on the complaint of the United States of America brought pursuant to Title 8 of the Civil Rights Act of 1968, 42 U.S.C. § 3601 *et seq.* Plaintiffs allege that the defendants, and each individually, are engaged in the construction of homes and apartments in the Petersburg, Hopewell, Colonial Heights area of Virginia, and one of the defendants, Horace Henshaw, is a licensed real estate broker operating under the name of H. L. Henshaw Realty Company. At least two of the individually named defendants, all of whom are brothers, conduct as partners the Henshaw Realty Company, the primary function of which is the management of rental properties some of which are owned by the individual defendants. There is no evidence before the Court as to the *exact function of the corporate* defendant, Henshaw Brothers, Incorporated.

One of the apartment projects owned by the individual defendants and managed by the Henshaw Rental Company is known as Branders Bridge Apartments and is located in Colonial Heights, Virginia.

Jurisdiction of this matter is invoked pursuant to Title 28 U.S.C. § 1345 and 42 U.S.C. § 3613. The properties sold and rented by the defendants are "dwellings" within the meaning of 42 U.S.C. § 3602(b).

The action arose by virtue of the fact that the principle operations of the de-

fendants are within normal commuting distance of Fort Lee, a major military installation in which substantial numbers of military personnel live in off-post housing throughout the area. The Branders Bridge complex is composed of 62 two bedroom apartment units which rented for $140.00 per month. The evidence disclosed no blacks had ever resided in this complex. The evidence further discloses that the reasons have been two-fold. One, the units are located in a community which has been traditionally all white, with the resultant discouragement of blacks seeking residence therein. Coupled with this is the fact that the defendants have wilfully and deliberately discriminated against black applicants for apartments therein.

Some time after the military personnel, pursuant to appropriate regulations, made active effort to insure that off-post housing in the civilian community be made available to all service personnel on a non-discriminatory basis, it was pointed out by the Army's Director of Equal Opportunity Programs that while a large number of white service men were residing in Colonial Heights, no blacks were residing therein. This fact having been forcibly brought to the attention of the Housing Referral Director at Fort Lee, one Captain Hubert D. Geiger, he and the personnel in his office contacted landlords reported to have available housing in the surrounding community requesting that they re-affirm their obligation to rent to all military personnel on a non-discriminatory basis. Among the firms contacted was the Henshaw Rental Company.

In April of 1973 advertisements were taken in local newspapers for the rental of Branders Bridge apartment units. As a consequence thereof at least one black officer, accompanied by a civilian employee of the Army Housing Referral Office went to the manager of Branders Bridge and filed an application for an apartment. Some few days thereafter a second black officer contacted the rental office expressing his interest in renting at Branders Bridge. Subsequent thereto the manager of Branders Bridge made an appointment to show the black officers the available apartments. Instead of so doing, however, the manager took them to a duplex in a racially transitional area of Petersburg which was then occupied predominantly by blacks. Upon evidencing dissatisfaction therewith and advising the rental manager of his desire to be shown an apartment in Branders Bridge, one of the officers was told that there were no vacancies therein.

Within a few days thereafter the defendants and their attorney met with military officers at Fort Lee, a meeting precipitated by the Fort Lee authorities for the purpose of attempting to induce the defendants to voluntarily permit the rental of units to black military personnel. At this meeting defendants, through their attorney, announced a policy adopted shortly after the black officers had applied for admission to Branders Bridge of not renting in that apartment complex to military personnel below the rank of major.

In light of the evidence before the Court, including but not limited to statements made by one or more of the defendants of a racial nature, there is no doubt in the Court's mind that the referred to policy was and is nothing more than an attempted subterfuge to bar those black military personnel who have made applications for apartments at Branders Bridge as well as all other blacks from renting.

The Court finds that at the time of the application by black officers there were one or more rental units available at Branders Bridge and that any statements by the defendants' agents to the contra were both untrue and made because of a policy on the part of the responsible defendants not to rent to members of the black race in their properties located in Colonial Heights, Virginia. The evidence before the Court is that a policy such as adopted by the defendants of not renting to military personnel be-

low the rank of major would result in the exclusion of approximately 99% of black military personnel. This, coupled with the fact that military personnel in the grade of major and above are entitled to a housing allowance which would generally warrant the rental of more expensive units, as well as other uncontradicted evidence in the case, leads the Court to but one conclusion and that is that the policy was entered into solely for discriminatory purposes.

The defendants' contention that they had been harassed by military personnel and employees of the Fort Lee Housing Referral Office is, in the Court's opinion, nothing more than an attempt to subvert the law and is not based on any credible evidence. In addition, the evidence before the Court discloses that the defendants had built and sold single family homes in a subdivision known as Hickory Hills in Ettrick, Virginia, Sutherland Manor in Dinwiddie County, Virginia, Dupont Gardens in Hopewell, Virginia, and Kings Subdivision in Prince George County, Virginia. Two of these subdivisions, namely Hickory Hills and Dupont Gardens are occupied entirely or primarily by black persons while the others are exclusively or primarily occupied by white persons. The evidence leads the Court to the conclusion that the defendants and their agents encourage blacks who seek housing to contract for such at Hickory Hills or Dupont Gardens and for whites to contract at their other projects. The Court is satisfied that injunctive relief is warranted.

■ The Fair Housing Act of 1968 (42 U.S.C. § 3601 *et seq.*) which prohibits discrimination in the housing market based on race, color, religion or national origin, was enacted so as to bar all racial discrimination, private as well as public, in the sale and rental of real property. *United States v. Hunter,* 459 F.2d 205 (4th Cir. 1972). The Act itself implements a policy to which Congress has accorded the highest national priority and is to be liberally construed in accordance with that purpose. Con-

gress intended to bar sophisticated modes of discrimination as well as the more obvious. See *Lane v. Wilson,* 307 U.S. 268, 275, 59 S.Ct. 872, 83 L.Ed. 1281 (1939); *United States v. Real Estate Development Corp.,* 347 F.Supp. 776, 782 (N.D.Miss.1972).

■■ The defendants, through their agents, have deliberately engaged in the practice of steering persons to a particular area on the basis of race, and such conduct is violative of § 804(a) of the Fair Housing Act, 42 U.S.C. § 3604 (a). The evidence before this Court shows the practice of racial discrimination on the part of the defendants in violation of the Fair Housing Act both by proof of discriminatory purpose and discriminatory effect. Indeed, the defendants have made no effort to justify their policy of excluding military personnel below the rank of major except as heretofore stated.

■ While the Court finds that since the institution of this suit at least one black military personnel below the rank of major has been granted by the defendants the right to rent an apartment at Branders Bridge, that does not defeat the right of plaintiff in this cause to relief, for the suit necessarily relates primarily to events which occurred prior to the filing of this suit. *United States v. West Peachtree Tenth Corp.,* 437 F.2d 221, 228 (5th Cir. 1971).

■ In cases such as this where the proof of racial discrimination is so obvious, the Court has the duty to render a decree which will, so far as possible, eliminate the discriminatory effects of the past as well as bar similar discrimination in the future. See *Louisiana v. United States,* 380 U.S. 145, 154, 85 S.Ct. 817, 13 L.Ed.2d 709 (1965). The Court, therefore, will enter an appropriate decree leading to the prohibition of all discriminatory practices by the defendants and all others acting in concert with them, as well as to require on the part of the defendants the adoption and implementation of objective, reviewable standards and procedures no more strin-

gent than those previously applied to members of the white race. Additionally, the defendants will be directed to take affirmative steps to eliminate the effects of past discrimination and to promote equal housing opportunity.

An appropriate order shall enter.