UNITED STATES of America,
Plaintiff,

v.

L & H LAND CORPORATION, INC.,
et al., Defendants.

Civ. A. No. 75–742–Civ–WM.

United States District Court,
S. D. Florida,
Miami Division.

Feb. 5, 1976.

Charles D. Bennett, Jr., and Robert E. Cook, Atty., Deputy Chief, Housing Sec-

tion, Civil Rights Div., Dept. of Justice, Washington, D. C., for plaintiff.

John G. Fletcher, Coconut Grove, Fla., for defendants.

## FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER

MEHRTENS, Senior District Judge.

This cause having come before the Honorable Court upon a complaint for injunctive and monetary relief by the United States of America, and after consideration of the pleadings in this matter; the pre-trial stipulation filed by the parties at the pre-trial conference on September 24, 1975; and the proceedings at the trial in this matter on December 22, 1975, the Court enters the following final Order with Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Pursuant to 42 U.S.C. §§ 3601 *et seq.*, the 1968 Fair Housing Act, plaintiff United States of America brought this action seeking (1) injunctive relief restraining defendants from engaging in any conduct which has the purpose or effect of denying or abridging any rights secured by the Act and affirmatively requiring defendants to correct any continuing effects of their discriminatory practices; and (2) additional relief including monetary compensation necessary to restore individual victims to the full enjoyment of their rights.

This Court finds that the evidence adduced in this case established the following facts:

1. That the defendants L & H Land Corporation, Inc., a Florida corporation, and the defendants Russell and Eleanor Henley, both officers of that corporation, are engaged in the business of owning, renting and managing the San Sherri Villas Apartments in Homestead, Florida, consisting of 176 apartment units.

2. That the defendant Kathleen Bateman was employed by the remaining de-fendants as the managing agent of their San Sherri Villas Apartments during all times material hereto and that she was subsequently discharged by the other defendants and no longer resides in the Southern District of Florida.

3. That Captain Anne Jones, U.S. Army, a white female who rented an apartment at San Sherri Villas in February, 1974, was told by Mrs. Bateman that black persons were not allowed at the defendants' apartments.

4. That Sergeant Michael Micham, U.S. Air Force, a white male who rented an apartment at San Sherri Villas in August, 1974, was told by Mrs. Bateman on that occasion that no black persons lived at San Sherri Villas, that blacks were not allowed there and that he could not have black persons as guests.

5. Captain Jones, with the express prior approval of Mrs. Bateman, invited a number of co-workers to a party which Captain Jones hosted on August 11, 1974 in the patio area surrounding the swimming pool at San Sherri Villas. Two of the invitees—Ms. Deborah Gaitor and her companion, Mr. Williams, both of whom are black—were, however, denied entry to the party by Mrs. Bateman who, in the presence of Ms. Gaitor and Mr. Williams, told Captain Jones that the two blacks could not attend. When Captain Jones requested that the two black guests be allowed to stay in spite of the rule, Mrs. Bateman refused.* The Court finds that Mrs. Bateman's refusal to allow Captain Jones to entertain her two black guests at defendants' apartments was based on the race and color of those guests.

6. There is no direct testimony that the defendants Eleanor or Russell Henley had any prior knowledge of the acts of discrimination of Mrs. Bateman described above. There is uncontradicted testimony that defendant Russell Henley instructed Mrs. Bateman to obey the law at the beginning of Bateman's employ-

---

* Captain Jones testified that Mrs. Bateman said to her "You know the rules." As Captain Jones had previously testified, Mrs. Bateman had told her, when she rented her apartment, that black persons were not allowed at defendants' apartments.

ment. Mr. Henley testified that he saw black persons looking at apartments at San Sherri Villas and was unaware that blacks were not being allowed to rent those apartments. Moreover, the defendant Russell Henley testified that he had not given any instructions to Mrs. Bateman to exclude tenants or guests on the basis of race or color, that another apartment building owned by the defendants in Hialeah, Florida is and has been racially integrated and that his personal policy and intention is to ensure equal opportunity in housing at all of his apartments.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of this action and of the parties under 28 U.S.C. § 1345 and 42 U.S.C. § 3613.

2. The apartments rented by the defendants are "dwellings" within the meaning of 42 U.S.C. § 3602(b).

3. The Fair Housing Act of 1968, also known as Title VIII of the Civil Rights Act of 1968 (42 U.S.C. §§ 3601 et seq.), which prohibits discrimination in the housing market based on race, color, religion, sex or national origin, is an appropriate and constitutionally permissible exercise of Congressional power under the Thirteenth Amendment to bar all racial discrimination, private as well as public, in the rental and sale of real property. *United States v. Hunter,* 459 F.2d 205, 214 (4th Cir. 1972), *cert. den.* 409 U.S. 934, 93 S.Ct. 235, 34 L.Ed.2d 189 (1972), *reh. den.* 413 U.S. 923, 93 S.Ct. 3046, 37 L.Ed.2d 1045 (1973); *United States v. Bob Lawrence Realty Co.,* 474 F.2d 115, 119–121 (5th Cir. 1973), *cert. den.* 414 U.S. 826, 94 S.Ct. 131, 38 L.Ed.2d 59 (1973). The Act implements a policy to which Congress has accorded the highest national priority and it is to be liberally construed in accordance with that purpose. 42 U.S.C. § 3601; *Trafficante v. Metropolitan Life Ins. Co.,* 409 U.S. 205, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972). The Act prohibits conduct with racially discriminatory consequences, regardless of motivation. *United States v. Pelzer Realty Co., Inc.,*

484 F.2d 438 (5th Cir. 1973); *United States v. J. C. Long,* P.H.E.O.H. Rptr. Para. 13,631 (D.S.C.1974) certified question as to relief answered in the negative, No. 74–1398 (4th Cir. 1975); and see *Griggs v. Duke Power Co.,* 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971) (employment discrimination).

4. 42 U.S.C. § 3604(a) makes it unlawful to refuse to rent a dwelling, or otherwise make dwellings unavailable to any person on account of race or color. 42 U.S.C. § 3604(b) makes it unlawful to discriminate against any person in the terms, conditions or privileges of sale or rental or in the provision of services or facilities in connection therewith on account of race or color. This section, which makes it unlawful to discriminate against "any person", has been held to prohibit discrimination against white persons because of the race or color of their guests. *United States v. Reddoch,* P.H.E.O.H. Rptr. Para. 13,569 (S.D.Ala. 1972) *aff'd per curiam* 467 F.2d 897 (5th Cir. 1972); *United States v. Raymond,* P.H.E.O.H. Rptr. Para. 13,618 (M.D.Fla. 1973). Mrs. Bateman's statements to Captain Jones and Sergeant Micham, to the effect that black persons were not permitted at San Sherri Villas and could not be entertained as guests, constitute an admission by Mrs. Bateman of a policy in violation of these two sections. This admission, coupled with the facts (1) that she refused to permit Captain Jones to entertain two guests at a party because they were black, (2) that she stated to Sergeant Micham that no blacks resided at San Sherri Villas although Mr. Henley testified that he had seen black persons inspecting apartments there and (3) that the other defendants admitted in their answer that they believed Mrs. Bateman "did carry on (the) practice . . . " alleged by plaintiff, all constitute persuasive evidence that Mrs. Bateman engaged in a course of conduct in violation of both 42 U.S.C. § 3604(a) and (b). *United States v. Reddoch, supra; United States v. J. C. Long, supra.*

580

5. Mrs. Bateman's refusal to permit Captain Jones to entertain two guests because of their race constitutes discriminatory conduct against both Captain Jones, *United States v. Reddoch, supra; United States v. Raymond, supra,* and her black guests, Ms. Gaitor and Mr. Williams. Cf. *Trafficante v. Metropolitan Life Ins. Co., supra,* in which white tenants whose landlord discriminatorily excluded blacks as tenants were held to be "aggrieved" parties because the landlord's actions denied them "important benefits of interracial association". See also, *Sullivan v. Little Hunting Park,* 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969); *Walker v. Pointer,* 304 F.Supp. 56 (N.D.Tex.1969); *Olzman v. Lake Hills Swim Club,* 495 F.2d 1333 (2nd Cir. 1974).

6. 42 U.S.C. § 3604(c) makes it unlawful to make any statement with respect to the rental of a dwelling which indicates any discrimination, limitation or preference based on race or color. Mrs. Bateman's statements to Captain Jones and Sergeant Micham, made at the time each rented an apartment, constitute violations of this section of the Act. *United States v. Gilman,* 341 F.Supp. 891 (S.D.N.Y.1972). Such statements create, cultivate and perpetuate an all-white image. *United States v. Real Estate Dev. Corp.,* 347 F.Supp. 776 (N.D.Miss.1972).

7. The defendants L & H Land Corporation, Eleanor Henley and Russell Henley are liable for the discriminatory conduct of their employee, Mrs. Bateman, under the doctrine of *respondeat superior* and because the duty to obey the law is nondelegable. *United States v. Robbins,* P.H.E.O.H. Rptr. Para. 13,655 (S.D.Fla.1974); *United States v. Hilton-Sykes Realty Co.,* P.H.E.O.H. Rptr. Para. 13,727 (M.D.Fla.1975); *Marr v. Rife,* 503 F.2d 735 (6th Cir. 1974).

8. To prevail on the merits in this case, the United States must show that the defendants have either:

a. Engaged in a "pattern or practice" of resistance to the full enjoy-ment of the right to equal housing opportunity; or

b. Denied rights granted by the Fair Housing Act to a group of persons where the Attorney General has determined that such denial raises an issue of general public importance. 42 U.S.C. § 3613. See *United States v. Bob Lawrence Realty, Inc.,* 474 F.2d 115, 122–123 (5th Cir. 1973) and cases there cited.

9. A "pattern or practice" occurs when the discriminatory conduct of defendants was not an isolated, accidental or peculiar departure from an otherwise nondiscriminatory norm. *United States v. Pelzer Realty Co., supra,* 484 F.2d at 445. Extrajudicial and testimonial admissions of a racially discriminatory policy, like those of Mrs. Bateman here, are, standing alone, persuasive evidence of a "pattern or practice". *United States v. Reddoch, supra; United States v. J. C. Long, supra.* Where the defendants have admitted to the existence of a policy of treating blacks differently from whites, that satisfies the "pattern or practice" requirement of 42 U.S.C. § 3613, without the necessity for plaintiff to prove the specifics of every instance in which such policy has been implemented. *United States v. Reddoch, supra; United States v. Real Estate Dev. Corp.,* 347 F.Supp. 776 (N.D.Miss.1972); *United States v. J. C. Long, supra.*

10. In cases such as this where the plaintiff has sufficiently proved a pattern or practice of racial discrimination in housing, this Court ". . . has not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future." *Louisiana v. United States,* 380 U.S. 145, 154, 85 S.Ct. 817, 822, 13 L.Ed.2d 709 (1965); *United States v. Hunter,* 459 F.2d 205 (4th Cir. 1972).

11. Based upon the foregoing findings and conclusions, plaintiff is entitled to injunctive relief which:

a. Prohibits all conduct by the defendants, their employees, agents, officers, successors and all persons acting in concert with any of them, which denies equal housing opportunity to any person because of race or color, and

b. Requires the defendants to take affirmative steps to correct the effects of their discriminatory conduct and image and assure equal housing opportunity in the future. These steps include appropriate instructions to agents and employees and a provision for inspection of records by plaintiff in order to effectuate the decree. *United States v. West Peachtree Tenth Corp.,* 437 F.2d 221 (5th Cir. 1971).