UNITED STATES of America, Appellant,

v.

WARWICK MOBILE HOME ESTATES, INC., and Thomas J. Lyttle, Appellees.

No. 75–1482.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 14, 1975.

Decided Mar. 18, 1976.

---

Neal J. Tonken, Atty., U. S. Dept. of Justice, Washington, D. C. (Brian P. Gettings, U. S. Atty., J. Stanley Pottinger, Asst. Atty. Gen., and Brian K. Landsberg, Atty., U. S. Dept. of Justice, Washington, D. C., on brief), for appellant.

W. M. Martin, III, Newport News, Va. (Herbert V. Kelly, E. D. David, Jones, Blechman, Woltz & Kelly, Newport News, Va., on brief), for appellees.

Before BOREMAN, Senior Circuit Judge, and RUSSELL and FIELD, Circuit Judges.

BOREMAN, Senior Circuit Judge:

This action was initiated by the Attorney General of the United States pursuant to 42 U.S.C. § 3613, seeking injunctive relief for alleged violations by the appellees of Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601, *et seq.* One of the appellees, Warwick Mobile Home Estates, Inc., is a Virginia corporation which operates a "mobile home park" where rental lots are available for mobile homes. The other appellee, Thomas J. Lyttle, is Warwick's president. This action was brought after the Social Concerns Covenant, a social action organization, sent several persons to apply for rental lots in Warwick's park in order to determine whether Warwick was engaged in discriminatory housing practices.

At the hearing before the district court, the Government introduced evidence of alleged discriminatory acts by Lyttle in renting lots in Warwick's mobile home park. This evidence consisted of testimony by Social Concerns Covenant "testers" and a former Warwick employee, and statistical evidence showing that in the past only a very small number of blacks had been rented lots in the park. Warwick and Lyttle countered the Government's evidence by showing that a small number of lots had been rented to blacks, and that many people, both white and black, had been denied lots in the past as a result of the company's policy of renting only to persons eligible under the rules and regulations of the park.

The district court found that only a few blacks had ever applied for rental space, and that there was no evidence that Warwick had ever refused to rent space to any black who met the eligibility requirements of the rules and regulations of the park. Nevertheless, the court found that there was sufficient evidence that the park did not want black tenants to show that "a pattern and practice" of resistance to renting to blacks had existed in the past, although the court also found that this practice "appears to have changed of recent." In a memorandum opinion the district judge concluded that the Government was entitled to relief, but did not specify what relief would be granted. Warwick and Lyttle thereupon moved that the court grant only declaratory relief and, after briefs were submitted, the district court granted this motion. Relying upon this court's opinion in *United States v. Hunter,* 459 F.2d 205 (4 Cir. 1972), the district court held that only declaratory relief would be granted because there was "no reason to believe that defendants [would] not fully comply with the law." The Government appeals, contending (1) that in light of the evidence presented, the district court's finding that

Warwick's practice of resistance in renting to blacks had "changed of recent" was clearly erroneous, and (2) that the district court erred in denying the requested injunctive relief.

■■■ We find no merit in the Government's argument that the district court's findings of fact are clearly erroneous. Under Rule 52(a) of the Federal Rules of Civil Procedure, which governs here, this court may not set aside findings of fact of the trial court unless they are clearly erroneous, and due regard must be given for the trial court's opportunity to assess the credibility of witnesses. It is not the function of the appellate court to decide factual issues *de novo* ; the function of this court under Rule 52(a) is not to determine whether it would have made the findings the trial court made, but whether "on the entire evidence [it] is left with the definite and firm conviction that a mistake has been committed." *Zenith Corp. v. Hazeltine,* 395 U.S. 100, 123, 89 S.Ct. 1562, 1576, 23 L.Ed.2d 129 (1969); *United States v. United States Gypsum Co.,* 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948). We have reviewed the record and find that there was testimony by both Lyttle and other Warwick employees that the company did not discriminate. Although the testimony of the Social Concerns Covenant "testers" arguably supports a different conclusion, we believe that there was sufficient evidence to permit the trial judge, who was in position to assess the credibility of the witnesses, to conclude that the pattern and practice of discrimination had "changed of recent."

■■ The Government also contends that upon finding that there was a pattern and practice of discrimination, a district court is required to grant injunctive relief, if so requested. Although we do not agree that such a broad rule should be applied in every case we find that under the circumstances present here the requested injunctive relief should have been granted.

The district court relied upon our decision in *United States v. Hunter, supra,* which upheld the district court's grant of declaratory relief in a Title VIII case despite the Government's request for injunctive relief. In *Hunter,* this court recognized that "[s]ince a declaratory judgment, no less than an injunction, is a form of relief under the Act, it may be issued only after one or the other prerequisite for relief has been shown to exist." 459 F.2d at 218. The Government contends that *Hunter* is distinguishable because the prerequisite for relief in *Hunter* was our finding that the case raised an issue of "general public importance" under the Act and there was no finding, as in the instant case, that the defendants were engaged in a "pattern or practice" of discrimination. However, while recognizing a distinction, we cannot agree that this distinction is dispositive of the present case since the opinion in *Hunter* clearly indicated that an injunction also could be denied in cases where there was a finding of a pattern and practice of discrimination in the past which violated the Act. 459 F.2d at 220. In holding injunctive relief inappropriate in *Hunter,* it is apparent that this court did not intend to alter the established rule in such cases that "affirmative relief *should* be granted where the vestiges of discrimination linger and remain to be eliminated." 459 F.2d at 220 n. 21 (emphasis added); *accord, Louisiana v. United States,* 380 U.S. 145, 85 S.Ct. 817, 13 L.Ed.2d 709 (1965). *Hunter* presented a unique set of circumstances where it was clear not only that the discriminatory acts would not recur once the law was clearly established but also that no vestiges of discrimination lingered to be eliminated by affirmative relief. The latter is not true in the present case. It is reasonable to assume that the past discrimination inhibited blacks from applying at Warwick's park, as evidenced by the small number of black applicants. Although Warwick's discriminatory acts may have changed, or even ceased, "as of recent" it is probable that without the affirmative relief sought by the Government, blacks will continue to be inhibited from applying at a park identified with past racial discrimination. As long as such vestiges of prior discrimination remain affirmative injunctive relief is appropriate and should be granted.

We reach the conclusion that the district court erred in refusing to grant the injunctive relief sought by the Government. Having every confidence in the district court's ability to draft an appropriate decree, we remand the case with directions to issue an injunction to be effective for such period as the district court may deem proper and reasonable.

*Remanded with directions.*