**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**JAMESTOWN CENTER–IN-THE-
GROVE APARTMENTS et al.,
Defendants-Appellees.**

No. 76–1052.

United States Court of Appeals,
Fifth Circuit.

Aug. 15, 1977.

Rehearing Denied Sept. 26, 1977.

Robert W. Rust, U. S. Atty., Miami, Fla., Edward H. Levi, Atty. Gen., Miriam R. Eisenstein, Brian K. Landsberg, J. Stanley Pottinger, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Civil Rights Div., for plaintiff-appellant.

E. S. Corlett, III, Lawrence B. Craig, III, Miami, Fla., for defendants-appellees.

Before THORNBERRY, GODBOLD and FAY, Circuit Judges.

GODBOLD, Circuit Judge:

The United States brought this action [1] against Jamestown Center-in-the-Grove Apartments, Inc., its president and its resident manager for violation of the Fair Housing Act. 42 U.S.C. § 3601 et seq. It was charged that the defendants had engaged in a practice of discrimination against persons on the basis of race in renting apartments owned and managed by Jamestown in Miami, Florida.[2]

Prior to trial defendants admitted that the government had established a prima facie case of violation of the Act which they could not rebut. The parties could not agree on appropriate relief, and the case was submitted to the district court on stipulated facts. The court found that defendants had violated the Act by following a policy of avoiding rental to blacks. It found that this policy was communicated to agents and employees of Jamestown and was effectuated by such practices as denying to black applicants that vacancies existed when in fact they did, quoting to such applicants higher rentals than were being charged, and directing them to Jamestown's less desirable buildings.

The district court enjoined defendants from any future violations of the Act and, as affirmative relief, ordered defendants to instruct employees of Jamestown in the provisions of the Act and of the court order and to open their rental records to governmental inspection for one year. The government appealed, alleging that the relief was not comprehensive enough.

■ The government contends that U. S. v. West Peachtree Tenth Corp., 437 F.2d 221 (CA5, 1971), sets forth the minimum relief [3] which must be granted in any case where a pattern or practice of discrimination has been shown. While West Peachtree has been [4] and may be used as a model, it does not establish a floor beneath which relief in such cases may not go. Appropriate relief for violations of the Act is to be determined on a case-by-case basis, cf. U. S. v. Warwick Mobile Home Estates, Inc., 537 F.2d 1148 (CA4, 1976), with relief tailored in each instance to the needs of the particular situation. Accord, U. S. v. Long, 537 F.2d 1151 (CA4, 1975). See also, U. S. v. Hunter, 459 F.2d 205 (CA4, 1972); West Peachtree, supra. Relief should be aimed toward twin goals—insuring that no future violations of the Act occur and removing any lingering effects of past discrimination. E. g., Warwick Mobile Home Estates, supra ; U. S. v. L & H Land Corp., Inc., 407 F.Supp. 576 (S.D.Fla., 1976); U. S. v. Henshaw Bros., Inc., 401 F.Supp. 399 (E.D.Va., 1974). See also, Louisiana v. U. S., 380 U.S. 145, 85 S.Ct. 817, 13 L.Ed.2d 709 (1965).

■ In the present case, we agree with the government that the relief granted was not sufficient. The district court appeared to misconceive the legal standards applicable to the remedy in housing discrimination cases. Noting racial identification on records, to insure compliance, is neither illegal nor improper. Announcements in advertising that there will be no discrimination serve to overcome the prior image of non-white denial of access. It misapprehends this purpose to view such announcements as inappropriate court-ordered invitations to the excluded class to move into a defendant's property. Finally, West Peachtree was not an anachronistic decision awarding excessive relief. While it set neither an inflexible ceiling nor floor, it was intended

1. This case was initiated under the provisions of 42 U.S.C. § 3613 which gives the Attorney General of the United States the power to bring suit to enforce the Fair Housing Act.

2. Jamestown owns, manages and rents apartments in 13 apartment complexes in Miami.

3. The relief ordered in West Peachtree is set out at 437 F.2d at 229–231.

4. The relief ordered in West Peachtree has been seen as a "model" decree in several cases, e. g., U. S. v. Hunter, 459 F.2d 205 (CA4, 1972); U. S. v. Real Estate Development Corp., 347 F.Supp. 776 (N.D.Miss., 1972). See also U. S. v. Youritan Construction Co., 370 F.Supp. 643 (N.D.Cal., 1973), modified as to other relief and aff'd 509 F.2d 623 (CA9, 1975).

to, and did, set out useful guidelines for the courts of this circuit that would minimize federal intrusion and assure that defendants could retain maximum control of their business operations consistent with the national policy of equal housing opportunity, 437 F.2d at 228–29.

There are few significant differences between the present case and *West Peachtree*. To meet the goals of insuring against future violations of the Act and removing the present remnants of past discrimination the district court should expand the affirmative relief provisions of its injunction to include provisions parallel to the following provisions of *West Peachtree*, 437 F.2d at 229–231: (2), (3), (4), and (5),[5] except that we think it unnecessary to require defendant to adopt and file written objective nonracial standards and criteria. Also, while defendant should be required to maintain the information required in the record-keeping and reporting provisions of (5), we think it unnecessary to require that this information be reported to the court and to the plaintiff.

AFFIRMED in part, REVERSED in part and REMANDED for the granting of further relief not inconsistent with this opinion.

FAY, Circuit Judge, dissenting.

If I were sitting as a District Judge, I would agree with the majority in their decision to adopt the provisions cited in *United States v. West Peachtree Tenth Corporation*, 437 F.2d 221, 229–231 (5th Cir. 1971). But as Court of Appeals Judges, we cannot treat this appeal as a trial de novo and substitute our personal opinions for that of the trial judge. The proper test on appeal is "abuse of discretion", *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 416–417, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975), which the majority studiously avoids. On the basis of the record, I find no abuse of discretion and would affirm the judgment of the district court.

**5.** Other than the exceptions noted below we intend (5) to encompass everything after the

number (5) to the end of the *West Peachtree* opinion. 437 F.2d 230–31.