**Dell Courtney KING, Plaintiff-Appellant,**

v.

**GULF OIL COMPANY,
Defendant-Appellee.**

**No. 78–1563
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 11, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Clarke Gable Ward, Houston, Tex., for plaintiff-appellant.

William G. Duck, Susan R. Sewell, Ulysses S. Jones, Houston, Tex., for defendant-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

King, the appellant, a black person, was employed by Gulf Oil from September, 1974 to January, 1975, when he was discharged. King filed suit against Gulf alleging that

his discharge was the result of racial discrimination against blacks, and seeking to represent a class of black applicants and employees (other than those covered by collective bargaining agreements).

In June, 1977, the court ordered an evidentiary hearing to be held on August 5, 1977, at 9:30 a. m. Apparently no evidence was presented at that time, and both parties agree in their briefs that the court merely heard arguments in chambers; the record does not indicate any reason why the plaintiff failed to offer any evidence in support of the class action allegations. On September 2, the court denied certification of the class action on the basis of the facts shown by the entire record, including answers to interrogatories filed by each party, the plaintiff's deposition, and the briefs on the motion. It based its ruling on the plaintiff's failure, after almost two years of discovery, to establish the requisites for a class action set out in Rule 23, Federal Rules of Civil Procedure.

■ Thereafter, the plaintiff's individual claim was heard on the merits and dismissed. The court found that King was discharged because he was tardy, disobedient, incompetent and disinterested in his employment, not because of his race. There was substantial evidence to support those findings, particularly in the testimony of Green, King's supervisor. The issue turned on whether the trial court credited Green or King. It was the trial judge's right and duty to determine issues of credibility. *See, e. g., Blunt v. Marion County School Bd.*, 5 Cir. 1975, 515 F.2d 951, 958; *Orr v. Frank R. MacNeill & Son, Inc.*, 5 Cir. 1975, 511 F.2d 166, 169, *cert. denied*, 1975, 423 U.S. 865, 96 S.Ct. 125, 46 L.Ed.2d 94; *Hodgson v. H. Morgan Daniel Seafoods, Inc.*, 5 Cir. 1970, 433 F.2d 918, 920.

■ Rule 52(a), Federal Rules of Civil Procedure, directs, "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Under our interpretation of Rule 52(a), a finding of fact is "clearly erroneous" if it leaves us with the "definite and firm conviction that a mistake has been committed." *Chaney v. City of Galveston*, 5 Cir. 1966, 368 F.2d 774, 776; *B. H. Bunn Co. v. AAA Replacement Parts Co.*, 5 Cir. 1971, 451 F.2d 1254, 1260. *See also United States v. United States Gypsum Co.*, 1948, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, 766. We have no such conviction in this case. Indeed, accepting the evaluations of witness credibility made by him, as we must, we find the factual conclusions he reached to be correct.

■ The trial judge's ruling excluding plaintiff's Exhibit 1 (an Ohio determination that Mr. King was entitled to unemployment benefits) was also correct. This was a state, not a federal, record, *cf.* 28 U.S.C. § 1733, and it was not properly authenticated. 28 U.S.C. § 1738. We are unable to evaluate the argument concerning the admissibility of a consent decree in another case, which was rejected by the trial judge; the record does not show that a copy of this decree was ever offered in evidence, nor is a copy included in the record. In any event, the description of the decree as one concerning refinery employees in another area indicates that it would have had little relevance. Errors in evidentiary rulings are not grounds for reversal unless substantial prejudice results. Rule 103, Federal Rules of Evidence; *see also* Rule 61, Federal Rules of Civil Procedure.

■ The propriety of class action suits can seldom be determined on the basis of pleadings alone, and, ordinarily, it is the duty of the trial court to hold an evidentiary hearing before deciding whether to grant or deny class certification. *Huff v. N. D. Cass Co. of Alabama*, 5 Cir. *en banc* 1973, 485 F.2d 710; *Jones v. Diamond*, 5 Cir. 1975, 519 F.2d 1090; *Satterwhite v. City of Greenville*, 5 Cir. *en banc*, 1978, 578 F.2d 987. Here, however, an evidentiary hearing was scheduled. The plaintiff's failure to adduce evidence is not explained. Moreover, the plaintiff nowhere suggests, even at this time, that, were a hearing held, he would be able to show that he meets the requirements of Rule 23, or that the ruling

denying class certification was erroneous. It is not our function merely to decide whether the trial court failed properly to observe each mandate of the Federal Rules of Civil Procedure; reversal is warranted only if prejudice is shown. Rule 61, Federal Rules of Civil Procedure. The plaintiff has failed to show that the Court's failure to hold a hearing affected the substantial rights of the parties or that, if the case were remanded for a hearing, evidence at least sufficient to create an issue could be adduced. *Compare Satterwhite v. City of Greenville, supra.*

For these reasons, the decision of the district court is AFFIRMED.