IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30194
_____


JULIAN ROMERO, Individually and on behalf of Christina
Romero; DIANE ROMERO, Individually and on behalf of
Christina Romero

                                    Plaintiffs-Appellants.
v.

EMMANUEL WITHERSPOON, MD


                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-2395)
_____
March 8, 2000

Before KING, Chief Judge, and REAVLEY and STEWART, Circuit
Judges.

PER CURIAM:[*]

     Plaintiffs-Appellants Julian and Diane Romero, individually

and on behalf of their daughter Christina Romero (collectively,

the "Romeros"), appeal from a judgment entered in favor of

Defendant-Appellee Emmanuel Witherspoon, M.D. ("Witherspoon").

The district court entered judgment in Witherspoon's favor after

a jury found that he was not negligent in his treatment of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Christina Romero.

On appeal, the Romero's argue that the district court erred in ruling that a memorandum prepared by Witherspoon was inadmissible. The district court determined that the memorandum was a "medical quality assurance record," as defined by 10 U.S.C. § 1102, and it was therefore confidential. Under Federal Rule of Evidence 103(a), "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless" the ruling is substantially prejudicial. See also King v. Gulf Oil Co., 581 F.2d 1184, 1186 (5th Cir. 1978).

The district court did not err in excluding the memorandum. Whether the memorandum is a "medical quality assurance record" is a question of fact. The district court's resolution of a question of fact is reviewed for clear error. See Elvis Presley Enters., Inc. v. Capece, 141 F.3d 188, 196 (5th Cir. 1998). We find that the district court did not clearly err in concluding that the memorandum is a "medical quality assurance record." Medical quality assurance records are "the proceedings, records, minutes, and reports that emanate from quality assurance program activities ... and are produced or compiled by the Department of Defense as part of a medical quality assurance program." 10 U.S.C. § 1102(j)(2). A "medical quality assurance program" is "any activity carried out ... by or for the Department of Defense to assess the quality of medical care, including activities conducted by individuals ...." 10 U.S.C. § 1102(j)(1). The Romero's fail to point to any evidence that convinces us that the

2

district court clearly erred in determining that the document is a medical quality assurance record as defined by § 1102.

Whether the district court correctly applied § 1102 to the facts is a question of law reviewed de novo.  See Hart v. Bayer Corp., 199 F.3d 239, 243 (5th Cir. 2000).  Section 1102 contains very specific exceptions to the general rule that medical quality assurance records are confidential and not admissible at trial.  See 10 U.S.C. § 1102(c).  In In re United States, 864 F.2d 1153, 1155 (5th Cir. 1989), we held that the exceptions set forth by Congress in § 1102(c) are exclusive, and that general rules of evidence that would render an otherwise inadmissible document admissible, such as waiver or laches, do not apply to medical quality assurance records.  See id.  The Romeros have failed to show that their proposed use of the memorandum fell within one of § 1102(c)'s exceptions.  Therefore, the district court correctly determined that § 1102 barred the Romeros from introducing the document at trial.

The judgment of the district court is AFFIRMED.