IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21159
Summary Calendar
_____

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

versus

KARL L. DAHLSTROM; ET AL.,

Defendants,

KARL L. DAHLSTROM,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-92-CV-2992
--------------------
January 6, 2003

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Karl L. Dahlstrom, federal prisoner #12894-054, appeals from
the district court's order finding him in contempt for failing to
comply with a disgorgement order because he failed to execute the
conveyances necessary to effect the sale of two properties on which
judicial liens were created. The liens were created in 1995 when
a 1993 consent judgment was abstracted and after the district court

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ordered Dahlstrom to disgorge the amount agreed upon in the consent judgment.

Dahlstrom contends that his contempt was criminal, not civil, in nature. The contempt sanction in Dahlstrom's case was designed to force compliance with the disgorgement order for the benefit of the SEC. The sanction therefore was civil in nature. *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827-28 (1994).

Dahlstrom raises several arguments seeking to challenge the consent judgment and the disgorgement order. Both are final orders. *Dillon v. State of Mississippi Military Dep't*, 23 F.3d 915, 917 (5ᵗʰ Cir. 1994); *In re TransAmerican Natural Gas Corp.*, 978 F.2d 1409, 1414-15 (5ᵗʰ Cir. 1992). Dahlstrom may not litigate issues challenging the validity of those final orders pursuant to the doctrine of *res judicata*. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000). We may raise *res judicata* sua sponte to affirm the district court. *Russell v. Sunamerica Securities, Inc.*, 962 F.2d 1169, 1172 (5th Cir. 1992).

Dahlstrom contends that the district court erred by finding that the two subject properties were part of his individual estate. According to Dahlstrom, the properties belonged to business trusts, not to him.

2

The United States Tax Court determined that both business trusts (and many others created by Dahlstrom) "were without economic substance and were merely a scheme to evade tax." *Dahlstrom v. Commissioner*, 61 T.C.M. (CCH) 2876 (1991). We affirmed the Tax Court's decision. *Dahlstrom v. Commissioner*, Nos. 91-5101 & 91-5105 (5th Cir. Jul. 29, 1993) (unpublished). Because the trusts were illegitimate, the district court did not err by disregarding them.

Dahlstrom contends that the properties were shielded from disgorgement because they were homestead properties under Texas law. Dahlstrom has not shown that the district court abused its discretion by rejecting his homestead-exemption contention. *SEC v. Huffman*, 996 F.2d 800, 803 (5th Cir. 1993).

Dahlstrom contends that the SEC's contempt motion was time-barred under 28 U.S.C. § 2415(a), because the motion was filed more than six years after the entry of the consent judgment, which he argues created a debt for purposes of the Debt Collection Act. Dahlstrom's contention is without merit. A disgorgement obligation created by a consent judgment is not a debt for purposes of the Debt Collection Act. *Huffman*, 996 F.2d at 803. The Debt Collection Act therefore does not apply.

Dahlstrom finally contends that the district court deprived him of due process by failing to allow him to be present at any contempt hearing held by the district court. Dahlstrom is

3

technically correct to argue that the district court erred by not holding a hearing, as is required by FED. R. CIV. P. 43(a). *Sanders v. Monsanto Co.*, 574 F.2d 198, 199-100 (5th Cir. 1978).

However, the relevant fact of Dahlstrom's noncompliance with the disgorgement order was never at issue in the district court. Dahlstrom was able to present his arguments effectively in his pleading opposing the SEC's show-cause motion. Moreover, he does not argue that the district court might have resolved any issues differently, or that any evidence would have been presented, had a hearing been held. Finally, Dahlstrom already was in prison when the district court found him in contempt. The contempt order therefore did not actually deprive him of his liberty. The district court's error was harmless. *See King v. Gulf Oil Co.*, 581 F.2d 1184, 1187 (5th Cir. 1978).

AFFIRMED.