# NEW YORK CENTRAL RAILROAD COMPANY *v.* NEW YORK.

### ERROR TO THE SUPREME COURT OF NEW YORK.

No. 234. Argued April 23, 24, 1902.—Decided June 2, 1902.

Without deciding that the briefs of counsel may be resorted to for the purpose of determining whether a Federal question was raised in the state court, it is sufficient to say that a general claim made that a particular act of the legislature is violative of the state and Federal Constitution, is not sufficient to show that a Federal right was specially set up and claimed or the validity of a statute was drawn in question in the state court, when no such question was noticed in the opinion of the state court and the case was disposed of upon a ground wholly independent of a Federal question.

THIS was a petition of the New York Central and Hudson River Railroad Company, as lessee, and the New York and Harlem Railroad Company, as owner, to vacate certain assessments for regulating and grading, setting curbstones, paving and other improvements to Vanderbilt avenue East, in the city of New York, upon the ground that the property in question had not been, would not be, and could not be, benefited in any manner by the improvements.

The successive steps towards the proposed improvements were the adoption of resolutions by the local municipal legislature, directing the improvements; the ascertainment of their cost; the making of a contract for their construction; and, finally, the assessment of the benefits upon the property, which in one case amounted to $4687.82 and in the other to $12,626.72. Peti-

tioners filed before the board of assessors objections to both assessments upon the ground that they were unfair, unequal, inequitable and unjust, and greater than the amounts assessed upon surrounding property. The two proposed assessments with these objections were transmitted by the assessors to the board of revision, which confirmed them.

Thereupon the two railway companies filed this petition, setting up the facts above stated, and alleging that their lands assessed are held and occupied only and exclusively as a roadway upon which their tracks are laid, and over which their trains are run, and that there are no buildings or other improvements upon the land except such railway tracks; that the grade of Vanderbilt avenue is from ten to eighteen feet above the level of petitioners' tracks; that there is no possible access from the land of petitioners to Vanderbilt avenue, but, on the contrary, that the roadway was constructed under a contract between petitioners and the board of public parks, and was depressed to its present grade, and solid stone retaining walls built upon and along the easterly and westerly sides of said land, in order that access to and from public streets and avenues, including that part of Park avenue or Vanderbilt avenue East, should be cut off and rendered impossible, and that no benefit could accrue to petitioners' lands by such improvements.

Petitioners prayed that the assessments might be vacated and the liens upon their lands discharged; but there is nowhere in the petition any claim of a Federal right, or a violation of the Constitution of the United States in any particular.

The case coming on to be heard before a special term of the Supreme Court, held on July 21, 1899, upon the petition, and testimony taken by consent, it was ordered that the prayer of the petition be denied. The railroad companies thereupon appealed to the appellate division of the Supreme Court, which affirmed the order of the special term. An appeal was taken to the Court of Appeals, where the order of the appellate division was affirmed, and the case remitted to the Supreme Court, which ordered the judgment of the Court of Appeals to be made the order and judgment of that court. No written opinion was filed by the Court of Appeals.

Whereupon the railway companies applied for and were allowed a writ of error from this court.

*Mr. Ira A. Place* and *Mr. Thomas Emery* for plaintiffs in error.

*Mr. George L. Sterling* for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

Petitioners rely in this case upon the fact that the property assessed consists solely of a roadway through Park avenue or Vanderbilt avenue East, depressed from ten to eighteen feet below the grade of the street, the sides of which depression are held in place, and faced by a retaining wall, surmounted by an iron fence, whereby all access to and from the roadway to the street is rendered impossible, except at the intersection of side streets, where bridges are built for the accommodation of traffic. Their claim is that no possible benefit had, would or could inure to the benefit of the railway companies by the construction of the proposed improvements; and all the oral testimony tended to show that fact. The roadway was in fact nothing more than a tunnel through the avenue, open at the top, and differed only in that particular from an ordinary railway tunnel or subway wholly beneath the surface. The only evidence to the contrary was the order of the board of assessors and the board of revision making the assessment, presumably founded upon the opinion that some benefit must have accrued to the roads.

The only opinion delivered was that of the appellate division, which held that, under the city charter, there was no power in the court in any event to vacate an assessment for local improvements; that while the court was given power to reduce an assessment, it was deprived of the power to vacate it. "It may correct an error, but it cannot entirely wipe out the assessment itself," although it was intimated that the property owner might still "challenge the validity of the assessment, whenever his property is assessed under it, or it is made the foundation of proceedings against him."

The difficulty with the position of the railway companies in this court is that no Federal question was raised in their petition—the only pleading filed by them—and they are forced to rely upon a copy of their printed brief submitted in the Court of Appeals, and certified by the Chief Judge of that court as containing certain matters. The only allusion, however, in this brief to a possible Federal question is that contained in the following extracts:

" Legislative enactment is to be interpreted and construed upon the hypothesis that the legislature has, in its enactments, had due regard for these limitations upon its power, and that interpretation to be given to the language promulgated by it which will render it conformable to; rather than violative of, the rule of state and Federal Constitution.

" If, by prohibiting judicial review, the result of section 962 is to enable the assessors to assess property for local improvements without reference to the benefits conferred upon the property by such improvements, that section is unconstitutional. A statute which authorizes assessments for local improvements, other than in accordance with the benefits conferred, is unconstitutional and void. *Norwood* v. *Baker*, 172 U. S. 269. That case holds that the only principle justifying the levying of assessments for local improvements is ' that the property upon which they are imposed is peculiarly benefited, and, therefore, the owners do not, in fact, pay anything in excess of what they receive by reason of such improvements.' "

Manifestly, this is not such a case of setting up and claiming a Federal right as is required by Rev. Stat. section 709, to invest this court with jurisdiction of a writ of error. In the case of *Zadig* v. *Baldwin*, 166 U. S. 485, the contention that there was a Federal question raised below was contained only in an extract from the closing brief of counsel, presented to the Supreme Court of the State, in which such Federal question was discussed, and an oral assertion in the argument made to the Supreme Court of California that a claim under the Federal Constitution was presented. " But, manifestly," said the court, " the matters referred to form no part of the record, and are not adequate to create a Federal question, when no such ques-

tion was necessarily decided below, and the record does not disclose that such decisions were set up or claimed in the proper manner in the courts of the State."

But assuming, without intimating an opinion to that effect, that the raising of a Federal question in the brief might be sufficient, it is well settled in this court that it must be made to appear that some provision of the Federal, as distinguished from the state, Constitution was relied upon, and that such provision must be set forth. *Porter* v. *Foley*, 24 How. 415; *Miller* v. *Cornwall R. R. Co.*, 168 U. S. 131; *Dewey* v. *Des Moines*. 173 U. S. 193; *Keokuk &c. Bridge Co.* v. *Illinois*, 175 U. S. 626; *Chapin* v. *Fye*, 179 U. S. 126.

It is hardly necessary to say that the raising of such a question in the assignments of error in this court is insufficient. Not only was there no Federal question raised in the record, but the appellate division made no allusion to such a question, and dismissed the petition upon the ground that the charter of New York did not permit a question of benefit or no benefit to be raised in such a proceeding—a ground wholly independent of a Federal question.

The writ of error must, therefore, be

*Dismissed.*