Plaintiff, Stewart Dredging and Construction Company, Inc., brought suit to recover sums due for work and labor done and materials furnished. The case was tried without a jury on April 5, 1984. The defendant, Richard Eady, d/b/a Eady Sand and Gravel, before resting his case, sought a continuance in order to locate a witness, Larry Parker. The defendant contends that the court granted a continuance for the reason defendant advanced. The trial court granted a continuance, but made it clear that the reason for granting the continuance was not so the defense could locate Mr. Parker:
 "THE COURT: [T]he continuance is being granted over — this matter here — for the purpose of the Court informing itself from expert witnesses as to who is telling the truth and who is not telling the truth about these signatures. That's the reason the case is going over. They may or may not get Larry Parker back here. I don't know. He's in California and may never come back here. Is that it, gentlemen?"
The record and briefs fail to specify what, if anything, happened until on June 19, 1984, judgment was entered for the plaintiff. The defendant then brought this appeal.
Appellant's brief contains no statement of the issue presented nor any citation of authority in support of his contentions concerning that issue, as required by A.R.App.P. 28 (a)(3). The short argument by appellant, again presented without authority, also fails to set forth any issue. Only in the prayer for relief is there an indication of the issue appellant raises:
 "Appellant respectfully represents to this Court that the Trial Court should have re-set this case to a date certain for the taking of the testimony of the additional witness for Defendant and failing to [do] so . . . was reversible error."
Failure to comply with A.R.App.P. 28 (a)(3) has been held to be a failure to properly present an issue for appellate review.Mitchell v. State, 450 So.2d 140 (Ala.Civ.App. 1984). Although the spirit of the appellate rules is to reach a decision on the merits as opposed to disposing of a case on procedural technicalities, A.R.App.P. 1, this Court's task in deciding the case on the merits is made extremely difficult when the appellant's failure to comply with the rules leaves us with little insight as to the nature of the appeal. In addition, appellee makes a good argument that it is prejudiced by the appellant's failure to comply with the rules, claiming appellee "is at a loss to respond to the appeal since no legal issues have been presented for review and no authorities cited thereunder."
However, in spite of the deficiencies in appellant's brief, we will address the issue as we perceive it. First, as already noted, the continuance was not granted on the basis the appellant alleges. We presume that appellant really asserts as error the trial court's denial of a continuance so that appellant could locate a witness. A trial court's grant or denial of a continuance is a matter of discretion and will not be reversed unless a gross abuse of discretion is shown.Madison v. Weldon, 446 So.2d 21 (Ala. 1984). Appellant has not shown that the trial court abused its discretion. The judgment for the plaintiff is affirmed.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur. *Page 158