ADAMS ET AL. *v.* ROBERTSON ET AL.

No. 95–1873.   Argued January 14, 1997—Decided March 3, 1997

*Norman E. Waldrop, Jr.*, argued the cause for petitioners. With him on the briefs were *Stephen C. Olen, George M. Walker, M. Kathleen Miller, J. Gusty Yearout, M. Clay Ragsdale IV, John D. Richardson, David F. Daniell,* and *Roderick P. Stout.*

*John G. Roberts, Jr.*, argued the cause and filed a brief for respondent Liberty National Life Insurance Company. With him on the brief were *David G. Leitch, Gregory G. Garre, Michael R. Pennington, James W. Gewin,* and *Edgar M. Elliott III. Paul M. Smith, Donald B. Verrilli, Jr., Jere L. Beasley, Frank M. Wilson, James A. Main,* and *Walter R. Byars* filed a brief for respondent Charlie Frank Robertson.*

---

*Briefs of *amici curiae* urging reversal were filed for the Association of Trial Lawyers of America by *Jeffrey Robert White* and *Howard F. Twiggs;* and for Trial Lawyers for Public Justice, P. C., by *Leslie A. Brueckner* and *Arthur H. Bryant.*

Briefs of *amici curiae* urging affirmance were filed for the State of Alabama by *Jeff Sessions,* Attorney General, and *William H. Pryor, Jr.,* Deputy Attorney General; for the American Council of Life Insurance by *Evan M. Tager* and *Phillip E. Stano;* for Continental Casualty Company et al. by *Herbert M. Wachtell, Meir Feder, Paul J. Bschorr, Stephen M. Snyder, Kelly C. Wooster, Elihu Inselbuch, Peter Van N. Lockwood, Joseph F. Rice, Joseph B. Cox, Jr., Rodney L. Eshelman, Donald T. Ramsey, Stuart Philip Ross, Sean M. Hanifan, Merril Hirsh, Steven Kazan,* and *Harry F. Wartnick;* for Exxon Corporation by *Charles W. Bender* and *John F. Daum;* and for the National Association of Manufacturers et al. by *Alfred W. Cortese, Jr., Kathleen L. Blaner, James C. Wilson, Jan S. Amundson, Quentin Riegel,* and *D. Dudley Oldham.*

A brief of *amici curiae* was filed for the State of New York et al. by *Dennis C. Vacco,* Attorney General of New York, *Barbara Gott Billet,*

PER CURIAM.

We granted a petition for certiorari to the Supreme Court of Alabama to decide whether the Alabama courts' approval of the class action and the settlement agreement in this case, without affording all class members the right to exclude themselves from the class or the agreement, violated the Due Process Clause of the Fourteenth Amendment. The Alabama Supreme Court did not address this federal issue, and it is now apparent that petitioners have failed to establish that they properly presented the issue to that court. We therefore dismiss the writ as improvidently granted.

I

In 1992, respondent Charlie Frank Robertson filed a class-action suit in an Alabama trial court, alleging that Liberty National Life Insurance Company had fraudulently encouraged its customers to exchange existing health insurance policies for new policies that, according to Robertson, provided less coverage for cancer treatment. The trial court appointed Robertson as class representative and certified the

Solicitor General, and *Shirley F. Sarna, Nancy A. Spiegel,* and *Joy Feigenbaum,* Assistant Attorneys General, *Jeffrey L. Amestoy,* Attorney General of Vermont, and *Elliot Burg,* Assistant Attorney General, *Winston Bryant,* Attorney General of Arkansas, *Daniel E. Lungren,* Attorney General of California, *Richard Blumenthal,* Attorney General of Connecticut, *Robert A. Butterworth,* Attorney General of Florida, *Alan G. Lance,* Attorney General of Idaho, *James E. Ryan,* Attorney General of Illinois, *Tom Miller,* Attorney General of Iowa, *Carla J. Stovall,* Attorney General of Kansas, *Frank J. Kelley,* Attorney General of Michigan, *Hubert H. Humphrey III,* Attorney General of Minnesota, *Jeremiah W. (Jay) Nixon,* Attorney General of Missouri, *Frankie Sue Del Papa,* Attorney General of Nevada, *Jeffrey R. Howard,* Attorney General of New Hampshire, *Michael F. Easley,* Attorney General of North Carolina, *Heidi Heitkamp,* Attorney General of North Dakota, *W. A. Drew Edmondson,* Attorney General of Oklahoma, *Thomas W. Corbett, Jr.,* Attorney General of Pennsylvania, *Charles W. Burson,* Attorney General of Tennessee, and *Charles F. C. Ruff,* Corporation Counsel of the District of Columbia.

class pursuant to provisions of the Alabama Rules of Civil Procedure that do not give class members the right to exclude themselves from a class. See 676 So. 2d 1265, 1268, 1270 (Ala. 1995); App. 90. The trial court then approved a settlement agreement that precluded class members from individually suing Liberty National for fraud based on its insurance policy exchange program. See 676 So. 2d, at 1270–1271; App. 158–159.

Petitioners, who had objected to the settlement in the trial court, appealed. The Alabama Supreme Court affirmed in an opinion addressing only state-law issues, see 676 So. 2d, at 1270–1274, and petitioners sought a writ of certiorari. We granted certiorari, 518 U. S. 1056 (1996), on the question whether the certification and settlement of this class-action suit (which petitioners characterize as primarily involving claims for monetary relief) violated the Due Process Clause of the Fourteenth Amendment because the class members were not afforded the right to opt out of the class or the settlement.

## II

With "very rare exceptions," *Yee* v. *Escondido,* 503 U. S. 519, 533 (1992), we have adhered to the rule in reviewing state-court judgments under 28 U. S. C. § 1257 that we will not consider a petitioner's federal claim unless it was either addressed by or properly presented to the state court that rendered the decision we have been asked to review. See *Heath* v. *Alabama,* 474 U. S. 82, 87 (1985); *Illinois* v. *Gates,* 462 U. S. 213, 217–219 (1983); *McGoldrick* v. *Compagnie Generale Transatlantique,* 309 U. S. 430, 434 (1940). As petitioners concede here, the Alabama Supreme Court did not expressly address the question on which we granted certiorari. See Reply Brief for Petitioners 2–3, n. 1.

Nor have petitioners met their burden of showing that the issue was properly presented to that court. When the highest state court is silent on a federal question before us, we assume that the issue was not properly presented, *Board of*

*Directors of Rotary Int'l* v. *Rotary Club of Duarte*, 481 U. S. 537, 550 (1987), and the aggrieved party bears the burden of defeating this assumption, *ibid.*, by demonstrating that the state court had "a fair opportunity to address the federal question that is sought to be presented here," *Webb* v. *Webb*, 451 U. S. 493, 501 (1981). We have described in different ways how a petitioner may satisfy this requirement. See *Street* v. *New York*, 394 U. S. 576, 583–585 (1969). In some cases, we have focused on the need for petitioners either to establish that the claim was raised " 'at the time and in the manner required by the state law,' " *Bankers Life & Casualty Co.* v. *Crenshaw*, 486 U. S. 71, 77–78 (1988) (quoting *Webb, supra,* at 501), see, *e. g., Exxon Corp.* v. *Eagerton*, 462 U. S. 176, 181, n. 3 (1983); *Beck* v. *Washington*, 369 U. S. 541, 549–554 (1962), or to persuade us that the state procedural requirements could not serve as an independent and adequate state-law ground for the state court's judgment, see, *e. g., Hathorn* v. *Lovorn*, 457 U. S. 255, 262–265 (1982). In other cases, we have described a petitioner's burden as involving the need to demonstrate that it presented the particular claim at issue here with "fair precision and in due time," *New York ex rel. Bryant* v. *Zimmerman*, 278 U. S. 63, 67 (1928); *PruneYard Shopping Center* v. *Robins*, 447 U. S. 74, 85, n. 9 (1980). See generally 16B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4022, pp. 322–339 (1996).

But however we phrase our requirements, petitioners here have failed to satisfy them. Petitioners have done nothing to demonstrate that they complied with the applicable state rules for raising their federal due process claim before the Alabama Supreme Court,[1] or to explain why the failure to

---

[1] Respondents have argued that because petitioners failed to list their federal claim in the "statement of issues" section of their appellate brief in accordance with Alabama Rule of Appellate Procedure 28(a)(3), the Alabama Supreme Court would have properly disregarded the claim even if petitioners had presented it below. See Brief for Respondent Liberty

comply with those rules would not be an adequate and independent ground for the state court to disregard that claim.

Neither have petitioners satisfied us that they presented their federal claim with "fair precision and in due time." They argue that they raised their federal due process claim in their initial brief before the Alabama Supreme Court, and point to two pages of that brief discussing *Brown* v. *Ticor,* 982 F. 2d 386 (CA9 1992), cert. dism'd as improvidently granted, 511 U. S. 117 (1994). Although *Ticor* is relevant to the federal claim they present here, see 982 F. 2d, at 392, they mentioned the case below in the context of an entirely different argument that the right to a jury trial under § 11 of the Alabama Constitution gives a plaintiff the right to opt out of a class-action settlement agreement. The discussion of "a federal case, in the midst of an unrelated argument, is insufficient to inform a state court that it has been presented with a claim." *Board of Directors of Rotary Int'l, supra,* at 550, n. 9.

Equally unavailing is petitioners' reliance on three other pages of their Alabama Supreme Court brief. Although that portion begins with a heading asserting that "[m]inimum due process requires that Class Members be given the right to opt out or exclude themselves from the class," see Brief for Appellants in Nos. 1931603 et al. (Sup. Ct. Ala.), p. 23, the discussion under that heading addresses only whether members of the class who were not Alabama residents had been afforded due process under *Phillips Petroleum Co.* v. *Shutts,* 472 U. S. 797 (1985). We therefore think that a court may fairly have read this section as arguing, as had the petitioner in *Shutts, id.,* at 802, that the state court lacked personal jurisdiction over out-of-state class members, not the different and broader question of whether, if a state

---

National Life Insurance Company 4, n. 2 (citing Ala. Rule App. Proc. 28(a)(3)), and *Eady* v. *Stewart Dredging & Construction Co., Inc.,* 463 So. 2d 156, 157 (Ala. 1985); Brief for Respondent Robertson 16, n. 12 (citing *Eady*). Petitioners have not even responded to that argument.

court has jurisdiction over the plaintiffs, due process requires that all class members have the right to opt out of the class and settlement agreement.

Nor are petitioners helped by the fact that respondents addressed the federal due process issue raised here in *their* briefs as appellees in the Alabama Supreme Court.[2] Petitioners failed to address respondents' federal due process arguments in their reply brief in the State Supreme Court and, instead, described "[t]he pivotal issue in this case" as the right to a jury trial under the Alabama Constitution. Reply Brief for Appellants in Nos. 1931603 et al. (Sup. Ct. Ala.), pp. 1–5. In these circumstances, it would have been perfectly reasonable for a state court to conclude that the broader federal claim was not before it.[3]

---

[2] Respondent Robertson listed among issues presented for review: "Whether an opt-out provision is required by the due process [clause] and/ or trial by jury guarantees of the U. S. and Alabama Constitutions." Brief for Appellee Robertson in Nos. 1931603 et al. (Sup. Ct. Ala.), p. 11.

[3] Petitioners also direct our attention to 80 pages of the Joint Appendix containing papers filed in the trial court, see Reply Brief for Petitioners 2–3, n. 1 (referring to App. 93–126, 190–245). This general citation fails to comply with our requirement that petitioners provide us with "*specific* reference to the places in the record where the matter appears," see this Court's Rule 14.1(g)(i) (emphasis added). Moreover, the passing invocations of "due process" we found therein, see App. 196, 209, 226–227, fail to cite the Federal Constitution or any cases relying on the Fourteenth Amendment, but could have just as easily referred to the due process guarantee of the Alabama Constitution, see Ala. Const., § 13 (1901), and thus they did not meet our minimal requirement that it must be clear that a *federal* claim was presented, *Webb* v. *Webb*, 451 U. S. 493, 496–497, 501 (1981); see *Bowe* v. *Scott*, 233 U. S. 658, 664–665 (1914).

Petitioners also note that they raised their federal due process claim in their petition for rehearing before the Alabama Supreme Court. While the claim presented there closely resembles the one they ask us to review, see Appellants' Application for Rehearing and Brief in Support of Application for Rehearing in Nos. 1931603 et al. (Sup. Ct. Ala.), pp. 7–12, we have generally refused to consider issues raised clearly for the first time in a petition for rehearing when the state court is silent on the question, see *Board of Directors of Rotary Int'l* v. *Rotary Club of Duarte*, 481 U. S.

## III

Petitioners having thus failed to carry their burden of showing that the claim they raise here was properly presented to the Alabama Supreme Court, we will not reach the question presented. We need not decide in this case whether our requirement that a federal claim be addressed or properly presented in state court is jurisdictional or prudential, see *Yee*, 503 U. S., at 533; *Bankers Life & Casualty Co.*, 486 U. S., at 79; *Gates*, 462 U. S., at 217–219, because even treating the rule as purely prudential, the circumstances here justify no exception.

The rule serves an important interest of comity. *Bankers Life & Casualty Co., supra*, at 79. As we have explained, "it would be unseemly in our dual system of government" to disturb the finality of state judgments on a federal ground that the state court did not have occasion to consider. *Webb*, 451 U. S., at 500 (citations and internal quotation marks omitted). Thus, the rule affords state courts "an opportunity to consider the constitutionality of the actions of state officials, and, equally important, proposed changes" that could obviate any challenges to state action in federal court. *Gates, supra*, at 221–222. Here, the Alabama Supreme Court has an undeniable interest in having the opportunity to determine in the first instance whether its existing rules governing class-action settlements satisfy the requirements of due process, and whether to exercise its power to amend those rules to avoid potential constitutional challenges, see Ala. Const., § 6.11; 1971 Ala. Acts No. 1311.

Our traditional standard also reflects "practical considerations" relating to this Court's capacity to decide issues. *Bankers Life & Casualty Co., supra*, at 79. Requiring parties to raise issues below not only avoids unnecessary adjudication in this Court by allowing state courts to resolve issues

537, 549–550 (1987); *Hanson* v. *Denckla*, 357 U. S. 235, 244, n. 4 (1958); *Radio Station WOW, Inc.* v. *Johnson*, 326 U. S. 120, 128 (1945).

on state-law grounds, but also assists us in our deliberations by promoting the creation of an adequate factual and legal record. See *Webb, supra,* at 500. Here, even if the state court's construction of its class-action rules would not obviate the due process challenge, it would undoubtedly aid our understanding of those rules as a predicate to our assessment of their constitutional adequacy. And not incidentally, the parties would enjoy the opportunity to test and refine their positions before reaching this Court.

The only unusual consideration weighing in favor of reaching the question presented is that respondents failed to raise a timely objection to our granting the petition for certiorari, on the ground that the question presented in that petition had not been properly raised or addressed.[4] This Court's Rule 15.2 "admonishe[s counsel] that they have an obligation to the Court to point out in the brief in opposition, and not later, any perceived misstatement" "of fact or law in the petition that bears on what issues properly would be before the Court if certiorari were granted." Without minimizing this obligation,[5] however, we find no interest here in penalizing

---

[4] Respondent Robertson failed to raise the objection in his brief in opposition to the certiorari petition; respondent Liberty National waived its right to submit a brief in opposition.

[5] Respondents' obligation to object under Rule 15.2 was not diminished by the fact that their objection may have been based on this Court's jurisdiction, see *supra,* at 90, and thus nonwaivable. Even if, contrary to the assumption underlying our discussion in the main text, the requirement that claims be raised in or addressed by the state court is jurisdictional and cannot be waived, counsel are obliged to this Court (not to mention their clients) to raise such threshold issues in their briefs in opposition.

Nor is respondents' failure to object in accordance with Rule 15.2 excused by petitioners' failure to comply with this Court's Rule 14.1(g)(i), which requires a petitioner seeking review of a state-court judgment to specify, among other things, "when the federal questions sought to be reviewed were raised" in the state court system and "the method or manner of raising them and the way in which they were passed on by those courts, . . . so as to show that the federal question was timely and properly raised and that this Court has jurisdiction to review the judgment on a writ of

the failure of counsel to comply with Rule 15.2 that overrides the interest of comity or the value to this Court of a fully developed factual and legal record upon which to base decisions.[6]

Accordingly, we dismiss the writ of certiorari as improvidently granted.

*It is so ordered.*

---

certiorari." The obligations under Rules 14.1 and 15.2 are complementary, but independent of each other.

[6] We note, of course, that we dismissed a writ of certiorari regarding a similar question three Terms ago in *Ticor Title Ins. Co.* v. *Brown,* 511 U. S. 117 (1994) *(per curiam).* Our continuing interest in an issue, however, does not affect the application of our Rules, because we recognize that by "adher[ing] scrupulously to the customary limitations on our discretion" regardless of the significance of the underlying issue, "we 'promote respect . . . for the Court's adjudicatory process.'" *Illinois* v. *Gates,* 462 U. S. 213, 224 (1983) (quoting *Mapp* v. *Ohio,* 367 U. S. 643, 677 (1961) (Harlan, J., dissenting)).