715 So.2d 192 (1997)
Ex parte EQUITY NATIONAL LIFE INSURANCE COMPANY, et al.
(Re Claudy J. COODY and Mary F. Coody v. EQUITY NATIONAL LIFE INSURANCE COMPANY, et al.).
1961160.
Supreme Court of Alabama.
December 16, 1997.
*193 Bert S. Nettles and A. David Fawal of London & Yancey, L.L.C., Birmingham; and John W. Thompson II of Thompson & Thompson, Butler, for petitioners.
Joseph C. McCorquodale III and Christopher A. Bailey of McCorquodale & McCorquodale, Jackson; and Timothy C. Hutchinson, Butler, for respondents.
MADDOX, Justice.
Equity National Life Insurance Company, Life Investors Insurance Company of America, Aegon Insurance Group, and Beth Croney, the defendants in an action pending in the Choctaw Circuit Court, petition for a writ of mandamus directing the trial court to vacate its February 27, 1997, order conditionally certifying a statewide class of plaintiffs. We hold that the conditional class certification order failed to comply with the prerequisites of Rule 23, Ala. R. Civ. P.; therefore, we grant the petition.

Facts
On December 20, 1995, Claudy J. Coody and Mary F. Coody sued in the Choctaw Circuit Court, alleging breach of contract, fraud, misrepresentation, and fraudulent suppression, related to a "Cancer Only Supplemental Policy" that Equity National Life Insurance Company had issued to them in July 1992.[1] In their original complaint, the Coodys sought certification of a statewide class of Alabama policyholders.
On October 1, 1996, after the case had been removed to a federal district court and subsequently remanded to the state court, *194 the Coodys, without providing notice to the defendants, and despite the fact that their original complaint had alleged only a statewide class, moved for conditional certification of a nationwide class. On the same day, the trial court, without notice to the defendants and without benefit of a hearing, granted the Coodys' motion. The order did not explain why certification was proper, but simply stated that "good cause" had been shown. At this point in the litigation, discovery had been limited to the issues of removal and proper joinder.
After receiving a copy of the Coodys' motion and the trial court's order granting the conditional class certification, the defendants filed a "motion to reconsider" that order; the trial court conducted a hearing on January 7, 1997, to discuss the motion. At this hearing, the defendants argued that they had been prejudiced by the trial court's certification of a nationwide class of plaintiffs without any notice or opportunity for argument. The Coodys responded with the argument that the trial court had merely followed the conditional certification procedure provided by Ex parte Voyager Guar. Ins. Co., 669 So.2d 198 (Ala.Civ.App.1995).
On February 27, 1997, the trial court modified its October 1, 1996, order by reducing the conditional class from a nationwide class to a class of Alabama purchasers of insurance policies from the defendant insurers. However, the trial court reaffirmed the substance of its earlier conditional certification and also held that the January 7, 1997, hearing cured any prejudice the defendants might have suffered as a result of the October 1, 1996, order. Finally, the trial court explained that it was issuing only a conditional class certification order, under the authority of Ex parte Voyager Guar. Ins. Co., supra, and that, upon a final hearing of the class certification issues, the proponent of the class would have the burden of proving compliance with the requirements of Rule 23.
The defendants challenge the February 27, 1997, conditional class certification order. We limit our discussion to the propriety of that order.

I.
It is axiomatic that mandamus is an extraordinary and drastic writ, and that certain criteria must be met for the writ to issue. A writ of mandamus will be issued only when there is (1) a clear legal right in the petitioner to the relief sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) lack of another adequate remedy; and (4) properly invoked jurisdiction of this court. Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala.1990). The writ of mandamus is appropriate in cases involving an improper class certification. See, e.g., Ex parte Green Tree Financial Corp., 684 So.2d 1302 (Ala. 1996).

II.
In support of their mandamus petition, the defendants contend that the trial court abused its discretion when it conditionally certified a statewide class of plaintiffs. They argue that discovery in this case has been limited solely to the issues of removal and proper joinder and that the Coodys have not presented any relevant evidence supporting class certification, but have relied instead on the allegations contained in the pleadings and the motion for conditional class certification. In sum, the defendants argue that the Coodys' motion for conditional class certification was not supported by any factual evidence or findings and that the trial court's conditional class certification order, therefore, undermines the prerequisites of Rule 23 and violates the defendants' right to due process. After carefully reviewing the record in this case, we agree, and we herein set out the reasons for our conclusion.
At the outset, we note that the Coodys rely on the opinion of the Court of Civil Appeals in Ex parte Voyager Guar. Ins. Co., supra, to support the trial court's actions. That case is not binding upon this Court. See Ex parte Citicorp Acceptance Co., 715 So.2d 199 (Ala. 1997); Ex parte American Bankers Life Assurance Co. of Florida, 715 So.2d 186 (Ala. 1997).
The United States Supreme Court, applying Rule 23 of the Federal Rules of Civil Procedure, has said that, before issuing *195 any class certification order, a trial court must be "satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, 155, 102 S.Ct. 2364, 2369, 72 L.Ed.2d 740 (1982).[2] The essence of this holding, it appears to us, is that every class certification order must, at a minimum, identify each of the four elements of Rule 23(a) and explain in detail how the proponents of the class have met their burden of proving those elements.[3]Ex parte Mercury Finance Corp. of Alabama, 715 So.2d 196 (Ala.1997).
It is apparent that the trial court's conditional class certification order does not adequately demonstrate that the trial court conducted the rigorous analysis required by Rule 23, Ala. R. Civ. P. Although the trial court identified each of the four prerequisites of Rule 23(a) and purported to find that these prerequisites had been satisfied, identifying the prerequisites of Rule 23(a) is only the first step toward issuing a proper class certification order. The trial court did not explain in detail how the proponents of the class certification had satisfied each of the prerequisites of Rule 23. In fact, to support its February 27, 1997, certification order, the trial court stated only that it had considered the allegations of the complaint. Specifically, the trial court stated that before it had issued the original conditional class certification order, it had considered
"the allegations of the Complaint regarding numerosity of members of the class, commonality of law or facts to the class, adequacy of class representatives to protect the class, that the representatives' claims are typical of those of the class, the experience of counsel for the Plaintiffs' class and the requirements of Ala. R. Civ. P. 23(b)."
The trial court then stated that "[u]pon reconsideration of factors stated above, and the arguments of counsel at hearing on January 7, 1997, [it was affirming] its conditional class certification."
These conclusory statements, of course, do not satisfy the trial court's obligation to explain in detail, in the class certification order itself, how the proponents of the class have proved the prerequisites of Rule 23. In addition, the trial court issued its conditional class certification order based solely on the pleadings and without benefit of an evidentiary hearing. Because due process rights of the parties are implicated by the certification process, the proponent of the class must make a "full evidentiary demonstration" of each prerequisite under Rule 23. See Falcon, 457 U.S. at 157, 102 S.Ct. at 2370. As this Court has explained, the proponent of a class must prove each of the prerequisites of Rule 23 through competent probative evidence. See, e.g., Ex parte Blue Cross & Blue Shield of Alabama, 582 So.2d 469 (Ala. 1991).
This does not necessarily mean that a full evidentiary hearing is required in every case. See, e.g., In re American Medical Systems, Inc., 75 F.3d 1069, 1079 (6th Cir. 1996). However, we stress that the propriety of class action certification can seldom be determined on the basis of the pleadings alone. King v. Gulf Oil Co., 581 F.2d 1184, 1186 (5th Cir.1978). In most cases, the trial court must go beyond the pleadings in order to properly understand the claims, defenses, relevant facts, and applicable substantive law in order to be able to make a meaningful determination of the certification issues. Castano v. American Tobacco Co., 84 F.3d 734, 744 (5th Cir.1996); Shelton v. Pargo, Inc., 582 F.2d 1298, 1312 (4th Cir.1978). It is not enough for the trial court to "merely parrot" the "formulaic language of Rule 23(a)." Ex parte Green Tree Financial Corp., supra, 684 So.2d at 1307 (ordering decertification of class because, among other things, the trial court had "entered an order *196 based upon little or no evidentiary underpinnings").
Requiring that a conditional class certification order be based upon evidentiary underpinnings would be desirable for a variety of reasons. For example, such a certification order would show the amount of work done by the plaintiff to substantiate the need for class certification and would assist in appellate review of cases in which there was an issue whether another action involving the same subject matter might be abated by the class action. Obviously, the trial court's February 27, 1997, conditional class certification order was not based on such an evidentiary underpinning, but was based exclusively on the allegations presented in the Coodys' complaint and, presumably, on the motion for class certification.[4]
For the reasons discussed above, we hold that the trial court abused its discretion in conditionally certifying the class. Consequently, we grant the mandamus petition and direct the trial court to withdraw its order conditionally certifying the statewide class.
WRIT GRANTED.
HOOPER, C.J., and HOUSTON and SEE, JJ., concur.
ALMON, SHORES, and COOK, JJ., concur in the result.
KENNEDY, J., dissents.
COOK, Justice (concurring in the result).
See Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala.1997), which thoroughly addresses the concerns raised by the class-action litigants in this case regarding the necessity of conditional certification to ensure that the court will not be ousted of its jurisdiction by the subsequent filing in another court of a complaint containing identical class allegations.
ALMON and SHORES, JJ., concur.
KENNEDY, Justice (dissenting).
I dissent. See my opinion concurring specially in Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala.1997).
NOTES
[1] On June 1, 1995, Life Investors Insurance Company of America acquired Equity National Life Insurance Company through merger.
[2] This Court has explained that federal authorities are persuasive when interpreting Rule 23, Ala. R. Civ. P. See Adams v. Robertson, 676 So.2d 1265, 1268 (Ala.1995), cert. dismissed as improvidently granted, 520 U.S. 83, 117 S.Ct. 1028, 137 L.Ed.2d 203 (1997); Rowan v. First Bank of Boaz, 476 So.2d 44, 46 (Ala.1985).
[3] Of course, the trial court must also explain how the proponents have satisfied at least one of the grounds provided in Rule 23(b).
[4] We are aware that on January 7, 1997, the trial court did conduct a hearing to prepare for its February 27, 1997, order. After reading the transcript of that hearing, we find it clear that that hearing was not an evidentiary hearing. Indeed, during the hearing, the plaintiffs' counsel acknowledged that the plaintiffs were seeking conditional certification based solely on the allegations contained in the pleadings. It is clear that the January 7, 1997, hearing did not provide any evidence in support of the motion for class certification; therefore, that hearing does not support the trial court's class certification order. We are also aware that the trial judge intended to follow his conditional certification order with a period of discovery, concluding with a class certification hearing, and that, therefore, the February 27, 1997, order does not necessarily indicate that the trial court felt that final certification was proper. However, at this point in the litigation, neither party has conducted discovery related to the issue of class certification. We have addressed this issue to emphasize that a trial court must make detailed factual findings to support any class certification order and that, in most cases, this requirement calls for at least some measure of discovery related to class certification.