I write to express my concern regarding this case and five other cases decided today involving the question of conditional certification and/or abatement of class actions: Ex parteCiticorp Acceptance Co., 715 So.2d 199 (Ala. 1997); Ex parteEquity National Life Insurance Co., 715 So.2d 192 (Ala. 1997);Ex parte Mercury Finance Corp., 715 So.2d 196 (Ala. 1997); Exparte American Bankers Life Assurance Co. of Florida,715 So.2d 186 (Ala. 1997); Ex parte State Mutual Insurance Co.,715 So.2d 207 (Ala. 1997); Ex parte First *Page 352 National Bank of Jasper, 717 So.2d 342 (Ala. 1997).
These six separate cases have a collective impact on the application of Rule 23, and it is obvious to me that this Court is straining for results. I am of the opinion that today's opinions in these cases do not clearly articulate a standard for the trial courts to follow. Although I agree with Justice Cook's interpretation of General Telephone Co. of the Southwestv. Falcon, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), as stated in First National Bank of Jasper, I am afraid that these cases are fashioning a piecemeal remedy to what is indeed a complex problem. It would have been a more reasoned approach for this Court to amend Rule 23 to deal with the concerns over the issues raised in these six cases; if the court had taken that approach, it would have provided an opportunity for public comment on conditional certification and abatement of class actions. I have the utmost confidence that the trial courts are capable of supervising class actions once they are given consistent guidance from this Court.
Therefore, I dissent in Citicorp and Equity National because the trial court's order certifying the class complied with the current version of Rule 23. I concur in the result in MercuryFinance and American Bankers because the trial court's order failed to meet the requirements of Rule 23. I dissent in StateMutual Insurance because I believe the Court's ruling in that case will restrict an individual litigant's right to pursue an otherwise legitimate action. In the present case, I concur.