## HOWELL, AKA COX v. MISSISSIPPI

No. 03–9560.   Argued November 29, 2004—Decided January 24, 2005

*Ronnie Monroe Mitchell* argued the cause for petitioner. With him on the briefs were *André de Gruy, Duncan Lott,* and *William Odum Richardson,* by appointment of the Court, 543 U. S. 977.

*Jim Hood,* Attorney General of Mississippi, argued the cause for respondent. With him on the brief was *Judy Thomas Martin,* Special Assistant Attorney General.*

---

*\*Kent S. Scheidegger* filed a brief for the Criminal Justice Legal Foundation as *amicus curiae.*

PER CURIAM.

Petitioner Marlon Howell contends that the Mississippi courts violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution by refusing to require a jury instruction about a lesser included offense in his capital case. He did not, however, raise this claim in the Supreme Court of Mississippi, which unsurprisingly did not address it. As a result, we dismiss the writ of certiorari as improvidently granted.

Petitioner was convicted and sentenced to death for killing Hugh David Pernell. Shortly after 5 a.m. on May 15, 2000, Pernell was delivering newspapers from his car when the occupants of another car motioned for him to stop. The evidence at trial indicated that, when both cars had pulled over, petitioner got out of the trailing car and approached the driver's side of Pernell's car. After a brief conversation and perhaps some kind of scuffle, petitioner pulled out a pistol, shot Pernell through the heart, got back in the other car, and fled the scene. See 860 So. 2d 704, 712–715, 738–739 (Miss. 2003). At trial, petitioner argued both that he was in another city at the time of the killing and that the evidence was insufficient to prove that Pernell was killed during an attempted robbery (which would deprive the State of an element of capital murder). As part of his nonalibi defense, petitioner sought to supplement the State's proposed jury instruction on capital murder with instructions on manslaughter and simple murder. The trial court refused the additional instructions. The jury found petitioner guilty of capital murder and separately concluded that he should be sentenced to death.

On appeal to the State Supreme Court, one of petitioner's 28 claims of error was the trial court's failure "to give the defendant an instruction on the offense of simple murder or manslaughter." App. 39. In that argument, petitioner cited three cases from the State Supreme Court about

lesser-included-offense instructions, and the only opinion whose original language he quoted was a noncapital case. *Ibid.* (quoting, with modifications, *Conner* v. *State,* 632 So. 2d 1239, 1254 (Miss. 1993) (a capital case), in turn quoting *McGowan* v. *State,* 541 So. 2d 1027, 1028 (Miss. 1989) (a noncapital case), in turn quoting *Harper* v. *State,* 478 So. 2d 1017, 1021 (Miss. 1985) (a noncapital case)). Petitioner argued that, because the jury "could have found and returned the lesser included offense of simple murder or manslaughter," the failure to give instructions on those offenses was "error" that left the jury no "choice but either to turn [him] loose or convict him of [c]apital [m]urder." App. 40. In the course of affirming petitioner's conviction and death sentence, the State Supreme Court found that "[t]he facts of this case clearly do not support or warrant" the instruction for manslaughter or simple murder. 860 So. 2d, at 744. The court cited and quoted a prior noncapital decision, which construed a state statute and concluded that an instruction should be refused if it would cause the jury to "'ignore the primary charge'" or "'if the evidence does not justify submission of a lesser-included offense.'" *Ibid.* (quoting *Presley* v. *State,* 321 So. 2d 309, 310–311 (Miss. 1975)). The court also cited *Grace* v. *State,* 375 So. 2d 419 (Miss. 1979), an aggravated-assault case rejecting an instruction for simple assault.

Petitioner sought certiorari from this Court, arguing that his death sentence is unconstitutional under that rule of our capital jurisprudence set forth in *Beck* v. *Alabama,* 447 U. S. 625, 638 (1980) ("[I]f the unavailability of a lesser included offense instruction enhances the risk of an unwarranted conviction, [the State] is constitutionally prohibited from withdrawing that option from the jury in a capital case"). See Pet. for Cert. 5. We granted certiorari, but asked the parties to address the following additional question: "'Was petitioner's federal constitutional claim properly raised before the Mississippi Supreme Court for purposes of 28 U. S. C. § 1257?'" 542 U. S. 936 (2004). Our answer to that

question prevents us from reaching petitioner's constitutional claim.

Congress has given this Court the power to review "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had ... where any ... right ... is *specially set up or claimed* under the Constitution or the treaties or statutes of ... the United States." 28 U. S. C. § 1257(a) (emphasis added). Under that statute and its predecessors, this Court has almost unfailingly refused to consider any federal-law challenge to a state-court decision unless the federal claim "was either addressed by or properly presented to the state court that rendered the decision we have been asked to review." *Adams* v. *Robertson*, 520 U. S. 83, 86 (1997) *(per curiam);* see also *Illinois* v. *Gates*, 462 U. S. 213, 218 (1983) (tracing this principle back to *Crowell* v. *Randell*, 10 Pet. 368, 392 (1836), and *Owings* v. *Norwood's Lessee*, 5 Cranch 344 (1809)).

Petitioner's brief in the State Supreme Court did not properly present his claim as one arising under federal law.[1] In the relevant argument, he did not cite the Constitution or even any cases directly construing it, much less any of this Court's cases. Instead, he argues that he presented his federal claim by citing *Harveston* v. *State*, 493 So. 2d 365 (Miss. 1986), which cited (among other cases) *Fairchild* v. *State*, 459 So. 2d 793 (Miss. 1984), which in turn cited *Beck*, but only by way of acknowledging that Mississippi's general rule requiring lesser-included-offense instructions "takes on constitutional proportions" in capital cases. 459 So. 2d, at 800. Assuming it constituted adequate briefing of the federal question under state-law standards, petitioner's daisy chain—which depends upon a case that was cited by one of the cases that.was cited by one of the cases that petitioner cited—is too lengthy to meet this Court's standards for

---

[1] Petitioner argues not that the State Supreme Court actually addressed his federal claim, but rather that it "had an adequate opportunity to address" it. Brief for Petitioner 19.

proper presentation of a federal claim.[2]  As we recently explained in a slightly different context, "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin* v. *Reese*, 541 U. S. 27, 32 (2004).  In the context of § 1257, the same steps toward clarity are just as easy to take and are generally necessary to establish that a federal question was properly presented to a state court.  Petitioner did none of these things.

Petitioner also contends that he raised his federal claim by implication because the state-law rule on which he relied was "identical," Tr. of Oral Arg. 17, or "virtually identical," Brief for Petitioner 17–18, to the constitutional rule articulated in *Beck*.  Assuming, without deciding, that identical standards might overcome a petitioner's failure to identify his claim as federal, Mississippi's rule regarding lesser-included-offense instructions is not identical to *Beck*—or at least not identical to the Mississippi Supreme Court's interpretation of *Beck*. Mississippi's rule applies even when the jury is not choosing only between acquittal and death.  The Mississippi Supreme

---

[2] See, *e. g.*, *Adams* v. *Robertson*, 520 U. S. 83, 89, n. 3 (1997) *(per curiam)* (concluding that "passing invocations of 'due process'" that "fail to cite the Federal Constitution or any cases relying on the Fourteenth Amendment" do not "meet our minimal requirement that it must be clear that a *federal* claim was presented"); *Webb* v. *Webb*, 451 U. S. 493, 496 (1981) (finding a reference to "full faith and credit" insufficient to raise a federal claim without a reference to the U. S. Constitution or to any cases relying on it); *New York Central R. Co.* v. *New York*, 186 U. S. 269, 273 (1902) ("[I]t is well settled in this court that it must be made to appear that some provision of the Federal, as distinguished from the state, Constitution was relied upon, and that such provision must be set forth"); *Oxley Stave Co.* v. *Butler County*, 166 U. S. 648, 655 (1897) (a party's intent to invoke the Federal Constitution must be "unmistakably" declared, and the statutory requirement is not met if "the purpose of the party to assert a Federal right is left to mere inference").

Court's interpretation of *Beck*, on the other hand, holds that case inapplicable where the jury has the additional option of life imprisonment, see *Jackson* v. *State*, 684 So. 2d 1213, 1228 (1996)—a conclusion that finds some support in our cases, see *Hopkins* v. *Reeves*, 524 U. S. 88, 98 (1998) ("In *Beck*, the death penalty was automatically tied to conviction, and Beck's jury was told that if it convicted the defendant of the charged offense, it was required to impose the death penalty"); *Schad* v. *Arizona*, 501 U. S. 624, 646 (1991) ("Our fundamental concern in *Beck* was that a jury . . . might . . . vote for a capital conviction if the only alternative was to set the defendant free with no punishment at all"). Moreover, unlike *Beck*, see 447 U. S., at 638, n. 14, Mississippi's rule on lesser-included-offense instructions applies in *noncapital* cases (as shown by the cases petitioner did cite). Thus, one opinion of the Mississippi Supreme Court appears to have treated a claim under *Beck* as distinct from one arising under the Mississippi rule. See *Goodin* v. *State*, 787 So. 2d 639, 656 (2001) ("Having found no [federal] constitutional flaws in the jury instruction given, we must now determine whether our practice entitles Goodin to a manslaughter instruction. We have held that there must be some evidentiary support to grant an instruction for manslaughter").

Petitioner suggests that we need not treat his failure to present his federal claim in state court as jurisdictional. Reply Brief for Petitioner 4, and n. 1. Notwithstanding the long line of cases clearly stating that the presentation requirement is jurisdictional, see, *e. g.*, *Exxon Corp.* v. *Eagerton*, 462 U. S. 176, 181, n. 3 (1983); *Cardinale* v. *Louisiana*, 394 U. S. 437, 438–439 (1969) (citing cases), a handful of exceptions (discussed in *Gates*, *supra*, at 219) have previously led us to conclude that this is "an unsettled question." *Bankers Life & Casualty Co.* v. *Crenshaw*, 486 U. S. 71, 79 (1988). As in prior cases, however, we need not decide today "whether our requirement that a federal claim be addressed or properly presented in state court is jurisdic-

tional or prudential, because even treating the rule as purely prudential, the circumstances here justify no exception." *Adams*, 520 U. S., at 90 (citations omitted); accord, *Yee* v. *Escondido*, 503 U. S. 519, 533 (1992); *Bankers Life, supra*, at 79; *Heath* v. *Alabama*, 474 U. S. 82, 87 (1985); *Gates*, 462 U. S., at 222.[3]

Accordingly, we dismiss the writ of certiorari as improvidently granted.

*It is so ordered.*

---

[3] In *Three Affiliated Tribes of Fort Berthold Reservation* v. *Wold Engineering, P. C.*, 476 U. S. 877, 883 (1986), the Court chose to reach a question that had not been presented in state court for two reasons that are inapplicable here: because the other party had no objection to reaching the question, and because the case had previously been remanded to the state court on other grounds.