Julius **EDWARDS**, Appellant

v.

Gerald **ROZUM**, Superintendent; **The District Attorney of the County of Philadelphia; The Attorney General of the State of Pennsylvania.**

No. 08–1477.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 6, 2009.

Filed: July 8, 2009.

Mitchell S. Strutin, Esq., Strutin & Smarro, Philadelphia, PA, for Appellant.

John W. Goldsborough, Philadelphia, PA, for Gerald ROZUM, The District Attorney of the County of Philadelphia, The Attorney General of the State of Pennsylvania.

Before: SLOVITER, AMBRO, and JORDAN, Circuit Judges.

## OPINION

SLOVITER, Circuit Judge.

Julius Edwards appeals from the District Court's order denying his petition for habeas corpus and dismissing it with prejudice. Because the District Court did not reach the merits of Edwards' claim, our review is plenary.

### I.

On July 15, 1998, Edwards and his friend David Carson, both of whom were armed, approached Romie Webb, who was selling drugs on a street corner, and demanded money. Webb denied having money but offered Edwards and Carson a bottle containing drugs. Soon thereafter Carson shot Webb four times in the back. Sometime after the first of these shots was fired, Edwards turned and started running in the other direction. Webb died that night.

Edwards was charged with first, second, and third degree murder; involuntary and voluntary manslaughter; robbery; and possession of instruments of crime. He was tried separately from Carson in a bench trial. Although the criminal complaint had included a charge of conspiracy to commit murder and both the prosecutor and the defense attorney referred to the conspiracy charge during the preliminary hearing, the conspiracy charge was not included in the information. After the Commonwealth had called its last witness, it sought to amend the information to add a conspiracy charge pursuant to then Pennsylvania Rule of Criminal Procedure 229.[1] The trial court allowed the addition,

---

1. The rule was renumbered after trial in this case as Pa. R.Crim. P. 564. At the time of the

and at the end of the bench trial found Edwards guilty of robbery, second degree murder (i.e., felony murder), possession of an instrument of crime, and criminal conspiracy. Edwards received a life sentence for the murder, a two-and-a-half to five-year sentence for possession of an instrument of crime, and a five to ten-year sentence for conspiracy, all of which were to be served concurrently. The robbery conviction merged with the felony murder conviction.

On direct appeal Edwards challenged the trial court's order permitting amendment of the information. The Superior Court found that the amendment was acceptable under Pa. R. Crim P. 229.

Edwards did not raise this issue at any time during the PCRA proceeding. After Edwards' PCRA claim was rejected at the trial and appellate levels, he filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. The Magistrate Judge to whom the matter was referred requested that the parties file supplemental briefs discussing, inter alia, whether Edwards' claim that the trial court improperly allowed the amended information raised a constitutional question cognizable on federal habeas review and whether Edwards had exhausted his state remedies. During the oral argument on these issues, Edwards sought to amend his habeas claim to include a federal constitutional issue, but the statute of limitations had expired. The Magistrate Judge recommended denying the amendment, and the District Court agreed. In addition, both the District Court and Magistrate Judge believed that Edwards had failed to exhaust his state remedies.

The District Court issued a certificate of appealability ("COA") on two issues: "(a) whether Edwards' claim of trial court error in allowing the amendment to the bill of information is cognizable on federal habeas, and (b) whether this claim was fairly presented to the state courts." App. at 65.[2]

## II.

Edwards' appeal was timely filed and we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Although the Commonwealth argued the District Court did not give proper consideration to the merits of Edwards' claim before issuing the COA, we are satisfied that the District Court did in fact conduct the inquiry required by 28 U.S.C. § 2253(c)(2).

## III.

As we noted above, the District Court listed two issues in its certificate of appealability, but review of the second issue, i.e., whether Edwards exhausted his state remedies, convinces us that federal habeas relief is foreclosed in this case.

When his case was before the District Court, Edwards sought to argue that his federal due process rights were violated when the state trial court allowed an amendment to the information to charge an additional offense at the close of the prosecution's case. However, Edwards

---

trial the rule read:

The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

2. The Court denied a COA on the question of whether "Edwards' due process rights were violated." App. at 43.

did not present this issue to the state court. He therefore failed to properly present his federal claim in the state court, and thus failed to exhaust his state court remedies.

When Edwards challenged the decision of the trial court on direct appeal he only challenged the trial court's order permitting addition of the conspiracy charge in the information under the Pennsylvania Rules of Criminal Procedure. This was a state law claim, in support of which Edwards cited only state cases. The amendment to the information was not raised at all during the PCRA appeal.

Edwards presents two arguments in which he contends that he did, in fact, present his federal claim in state court. He states that in his petition to the Supreme Court of Pennsylvania "he stated with regard to the trial court's ruling that it was 'probably not in accord with ... decisions of the Supreme Court of Pennsylvania or the Supreme Court of the United States,'" and he then states, "[t]he fact that this statement was not in the appellant's Pennsylvania Superior Court direct appeal brief is not determinative." Appellant's Br. at 26. This bold statement alone is not sufficient to raise a federal due process claim. Moreover, even this statement is of no help to Edwards as it was not presented to the Pennsylvania Superior Court that approved the trial court's order amending the bill of information (the decision at issue before us).

Edwards' second argument is likewise unavailing. He argues that one of the cases he cited in his brief to the Superior Court contained a sentence that mentioned due process and cited a United States Supreme Court case. As the District Court noted, "[r]equiring courts to follow a 'daisy chain[ ]' to divine the federal constitutional claim is [an] insufficient presentation of the federal claim." App. at

56 (quoting *Howell v. Mississippi,* 543 U.S. 440, 443–44, 125 S.Ct. 856, 160 L.Ed.2d 873 (2005) (per curiam)). We agree. *See also Adams v. Robertson,* 520 U.S. 83, 89 n. 3, 117 S.Ct. 1028, 137 L.Ed.2d 203 (1997) ("[T]he passing invocations of 'due process' we found [in papers filed in the trial court] fail to cite the Federal Constitution or any cases relying on the Fourteenth Amendment ... and thus ... did not meet our minimal requirement that it must be clear that a *federal* claim was presented.") (emphasis in original).

As Edwards failed to properly present his federal due process claim to the state court, he failed to properly exhaust his state court remedies, and it follows that his federal claim must be dismissed. We will therefore affirm the order of the District Court dismissing the petition for a writ of habeas corpus.