[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11544
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 4, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01364-CV-T-27-TGW

KONSTANTY O. SABILLO,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 4, 2009)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Konstanty Sabillo, a Florida prisoner, appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. We granted a certificate of appealability to resolve two issues: (1) whether Sabillo was denied his right to due process when the jury was not read an instruction about third degree murder as a lesser-included offense of Sabillo's charge of first degree murder; and (2) whether Sabillo's trial counsel was ineffective for failing to request an instruction on third degree murder. We affirm.

## I. BACKGROUND

Sabillo was arrested and indicted for the first degree murder of Geri Duke. Evidence at trial established that Sabillo, a physician, had a romantic relationship with Duke. Sabillo became upset and said he was going to kill someone after he learned that Duke's former husband planned to move back to Duke's apartment complex. Sabillo stabbed Duke six times in her neck, cutting her vertebral artery and fracturing a portion of her seventh cervical vertebrae. Duke called 911, and the emergency service recorded Duke's plea for assistance and the attack that followed. A police officer discovered Sabillo inside Duke's apartment, where Duke was lying in a pool of blood. Duke told the officer that Sabillo had stabbed her, and Duke died later of exsanguination. An autopsy revealed, in addition to the stab wounds, six defensive wounds on Duke's left hand.

Sabillo testified that he did not hurt or intend to kill Duke. Sabillo stated that he was at Duke's apartment to celebrate her birthday and she was very intoxicated. According to Sabillo, Duke wanted to drive her car, and when Sabillo told her she could not leave her apartment, Duke called the police on her cordless telephone and cut Sabillo on the hand with a knife he had used to cut Duke's birthday cake. When Duke lunged to stab Sabillo a second time, he struggled to gain control of the knife, he noticed that Duke was bleeding profusely from a large cut on the left side of her collarbone, and he blacked out. After Sabillo regained consciousness, he started to administer medical assistance, and Duke screamed for Sabillo to get off her. Sabillo told the 911 operator that he did not stab Duke, but he felt responsible for pushing her hand into her neck.

During a charge conference, the trial court stated that it was going to omit from its charge an instruction about third degree murder, and Sabillo did not object. When the trial court asked Sabillo at the end of the conference if he requested any instructions, Sabillo responded negatively. The trial court instructed the jury about first degree murder and, as lesser-included offenses, second degree murder, manslaughter, and aggravated battery. Sabillo did not object to the instructions.

The jury convicted Sabillo of second degree murder, and the trial court

sentenced Sabillo to 25 years of imprisonment. Sabillo appealed his conviction, and a Florida appellate court affirmed his conviction without opinion.

Sabillo filed pro se a petition for a writ of habeas corpus in a Florida court. See Fla. R. Crim. P. 3.850. Sabillo argued that the trial court violated his right to due process by failing to instruct the jury about third degree murder and his attorney was ineffective for failing to request the jury instruction. A state court denied Sabillo's petition. The court ruled that Sabillo had raised the due process issue on direct appeal and, in the alternative, "the alleged error did not amount to a denial of due process and thus, a fundamental error was not committed." The court also ruled that Sabillo failed to prove that his attorney was ineffective because Sabillo was not entitled to an instruction about third degree murder. The district court explained that, to obtain an instruction about third degree murder, a defendant had to commit felony murder "in the perpetration of, or in the attempt to perpetrate, any felony other than" an enumerated underlying felony, one of which was the "murder of another human being." Fla. Stat. § 782.04(4) (1999). The court determined that Sabillo was ineligible for an instruction about third degree murder because he had murdered Duke. An appellate court affirmed without opinion.

Sabillo filed a federal habeas corpus petition and repeated his arguments that

he was denied due process and the effective assistance of counsel. The district court denied the petition. The district court ruled that "there [was] no evidence to support a third-degree murder conviction" and Sabillo's attorney could not be ineffective for failing to request that instruction.

## II. STANDARDS OF REVIEW

We review de novo the denial of a petition for a writ of habeas corpus and we consider related findings of fact for clear error. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005). An issue of ineffective assistance of appellate counsel presents a mixed question of law and fact that we review de novo. Id.

Our review is circumscribed by the Antiterrorism and Effective Death Penalty Act, which "establishes a highly deferential standard for reviewing state court judgments." Parker v. Sec'y for the Dep't of Corr., 331 F.3d 764, 768 (11th Cir. 2003). A petitioner is entitled to a writ of habeas corpus if the state court reached a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if either the state court reached a conclusion opposite to that reached by the Supreme Court on a question of law or the state court was presented with facts that are "materially indistinguishable" from relevant Supreme

5

Court precedent, but arrived at a contrary result. Putman v. Head, 168 F.3d 1223, 1241 (11th Cir. 2001). A state court makes an "unreasonable application" of clearly established federal law if the court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. We presume that the findings of fact by the state court are correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III. DISCUSSION

Sabillo challenges the denial of the writ of habeas corpus on two grounds. First, Sabillo argues that the omission of a jury instruction about third degree murder violated his right to due process based on the reasoning of the Supreme Court in Beck v. Alabama, 447 U.S. 625, 100 S. Ct. 2382 (1980). Second, Sabillo argues that his trial attorney was ineffective by failing to request the instruction. The district court correctly denied Sabillo habeas relief.

The decision of the state court that Sabillo was not entitled to an instruction about third degree murder was not contrary to or an unreasonable application of federal precedent. Sabillo argues that due process required that he receive a lesser-included instruction, but the Supreme Court has never addressed "whether the Due Process Clause would require the giving of such instructions in a noncapital case." Beck v. Alabama, 447 U.S. 625, 635, 100 S. Ct. 2382, 2389 (1980). The Court has

6

since suggested that it would not extend its reasoning in <u>Beck</u>. <u>See</u> <u>Howell v. Mississippi</u>, 543 U.S. 440, 444–45, 125 S. Ct. 856, 859 (2005) ("The Mississippi Supreme Court . . . holds that [<u>Beck</u> is] inapplicable where the jury has the additional option of life imprisonment—a conclusion that finds some support in our cases, <u>see</u> <u>Hopkins v. Reeves</u>, 524 U.S. 88, 98, 118 S. Ct. 1895 . . . (1998); <u>Schad v. Arizona</u>, 501 U.S. 624, 646, 111 S. Ct. 2491 . . . (1991)." (citation and quotations omitted)).

Sabillo also has not established that the decision of the state courts to deny his ineffectiveness argument is contrary to or an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052 (1984). The state courts concluded that Sabillo was not entitled to an instruction about third degree murder based on the evidence at trial, and we defer to that conclusion. <u>See</u> <u>Callahan v. Campbell</u>, 427 F.3d 897, 932 (11th Cir. 2005) ("'It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.' " (quoting <u>Herring v. Sec'y, Dep't of Corr.</u>, 397 F.3d 1338, 1355 (11th Cir. 2005)). We will not fault counsel for failing to request a jury instruction to which Sabillo was not entitled. <u>See</u> <u>Strickland</u>, 466 U.S. at 692–94, 104 S. Ct. at 2067–68.

The denial of Sabillo's petition is **AFFIRMED**.