On December 16, 1997, this Court issued five opinions relating to class-action certification. Ex parte EquityNational Life Ins. Co., 715 So.2d 192 (Ala. 1997); Exparte Citicorp Acceptance Co., 715 So.2d 199 (Ala. 1997);Ex parte First National Bank, 717 So.2d 342
(Ala. 1997); Ex parte American Bankers Life AssuranceCo., 715 So.2d 186 (Ala. 1997); Ex parte MercuryFinance Co., 715 So.2d 196 (Ala. 1997). In effect, these cases held that the practice of ex parte conditional certification of class actions was improper, although trial courts had, apparently routinely, been entering such orders, relying upon the authority of Ex parte Voyager GuarantyIns. Co., 669 So.2d 198 (Ala.Civ. App. 1995). These five cases disapproved of the practice Ex parte Voyager had spawned, and they required trial courts, before certifying a class, to hold an evidentiary hearing, at which the plaintiffs are required to carry the burden imposed by Rule 23, Ala. R. Civ. P. These cases attempted to set out the minimum requirements that must be met before a trial court may conditionally certify a class pursuant to Rule 23.
The ex parte class certification order in this case was issued on August 16, 1996. *Page 1140 
Under the holdings of the December 16, 1997, cases, that order is to be vacated, and the trial court is to hold a hearing as prescribed by Rule 23 and by those cases. No one disputes this.
Both Prudential and the plaintiffs filed motions to vacate the August 1996 order conditionally certifying the class, calling the court's attention to the five cases released on December 16, 1997. The plaintiffs acknowledged that the class certified in the earlier order was overly broad and asked the court to set an evidentiary hearing (as required by the five cases), to permit the plaintiffs to present evidence in discharge of their burden to establish all criteria for class certification under Rule 23.
These motions are still pending before the circuit court. Before a hearing could be set, Prudential moved to stay all proceedings in the trial court and filed this petition for the writ of mandamus, asking this Court to order the trial court to vacate an order that all parties agree should be vacated. Prudential also asks this Court to stay the evidentiary hearing that this Court has held is required before a valid conditional class certification can be entered. Prudential also asks this Court to order the trial court to dismiss the action without a hearing ever having been held.
In support of its argument that the trial court should be ordered to dismiss this case, Prudential relies on the doctrine of forum non conveniens (§ 6-5-430, Ala. Code 1975). However, Prudential's motion to dismiss on forum nonconveniens grounds was not filed until after the case had been pending for five months and countless hours of lawyer time and judicial time had been devoted to the case. The petition for the writ of mandamus, complaining of the trial court's refusal to dismiss, was not filed in this Court until more than seven months after the trial court had denied the motion to dismiss. Even if the motion had been timely filed, we would conclude that the trial court did not abuse its discretion in denying it on the grounds that Prudential had waived any objections to venue.
Traditionally in Alabama, one must object to venue at the earliest possible time, or else the objection is waived. Rule 12, Ala. R. Civ. P.
 "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (3) improper venue. . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted."
Rule 12(b)(3), Ala. R. Civ. P. There is no question that Prudential does business in Alabama and sells many policies to the citizens of Alabama and is thus subject to the jurisdiction of Alabama's courts. By enacting § 6-5-430, the Legislature has given a defendant that is subject to the jurisdiction of the courts of Alabama the right to show that it is entitled to have the court refuse to exercise its jurisdiction, a right defendants did not previously have. However, a defendant over whom a court has jurisdiction must object to venue (on whatever grounds) in a timely manner. Rule 12, Ala. R. Civ. P.
Prudential waited five months before objecting to venue in Greene County. Although the entire record is not before us on this petition for the writ of mandamus, what is before us indicates that many hours of court time and lawyer time have been committed to this litigation. The plaintiffs admit that the original complaint was deficient in some respects; they say those deficiencies have been cured and that the delay in curing them was the result of Prudential's failure to produce discovery material for more than a year after the trial court entered an order to produce. The plaintiffs state that they are ready and able to show by evidence that they meet all Rule 23(a) requirements to maintain this class action. They argue that all deficiencies claimed by Prudential as to their ability to maintain the action will be eliminated once the trial court holds a hearing. The trial court has not denied their motion to set a hearing. This Court should not prevent a hearing by granting this mandamus petition. *Page 1141 
The trial court should not be ordered to dismiss this action without first allowing the plaintiffs a hearing to meet the evidentiary requirements of Rule 23. Nor should the trial court be ordered by this Court to dismiss this action on forumnon conveniens grounds. Prudential did not object to venue on that ground in a timely manner in the trial court and did not in a timely manner challenge in this Court the trial court's failure to transfer or to dismiss the case. Prudential has failed to establish that it is entitled to the writ of mandamus in any respect, except to have the trial court vacate its original order, which everyone agrees will be done when the trial court's action is no longer stayed.
For these reasons, I concur in part and dissent in part.
ALMON and COOK, JJ., concur.